## Bennett *versus* Williams.

1. Depositions taken under a rule of court must be filed with the prothonotary, and the court should order the party having them to produce and file them.

2. A plaintiff took the depositions of the defendant under a rule. He thus made the defendant a competent witness for all purposes.

March 9th 1868.  Before STRONG, READ, AGNEW and SHARSWOOD, JJ.  THOMPSON, C. J., at Nisi Prius.

Error to the Court of Common Pleas of *Susquehanna county*: No. 54, to July Term 1867.

This was an action commenced before a justice of the peace by John Williams against Charles H. Bennett. The plaintiff appealed from the judgment of the justice and filed his appeal in the Court of Common Pleas, October 26th 1864. The plaintiff entered a rule to take the depositions of witnesses. A rule of court in Susquehanna county requires that all depositions taken under the rule shall be filed within a reasonable time in the prothonotary's office.

On the trial, the defendant moved " for an order upon the plaintiff to produce the depositions of defendant taken on a rule entered by him in this case, and taken before W. W. Williams, Esq., a

[Bennett v. Williams.]

justice of the peace, and now in possession of the plaintiff in court, and not yet filed by him." The motion was refused.

The defendant then offered to prove that plaintiff had taken the deposition of the defendant in this case, before W. W. Williams, Esq., a justice of the peace, upon a rule issued out of the Court of Common Pleas in this case, having had the defendant sworn generally in the case for the plaintiff at that time, to be followed by the offer of the defendant as a witness for himself.

Plaintiff's counsel objected to the offer. The court rejected the evidence and sealed a bill of exceptions. There was a verdict for the plaintiff for $48.08. The defendant took a writ of error. He assigned for error the refusal of the court to order the filing of the deposition and rejecting the defendant's offer.

*W. H. Jessup*, for plaintiff in error, cited Seip v. Storch, 2 P. F. Smith 210; Act of March 27th 1865, Pamph. L. 38.

*Bentley & Fitch*, for defendant in error: Wilson v. Leech, 6 Penna. Law Jour. 199; Floyd v. Bovard, 6 W. & S. 77.

The opinion of the court was delivered, April 2d 1868, by

READ, J.—All depositions of witnesses under a rule of court to be used in evidence on the trial of the cause, like the depositions of witnesses taken under a commission, must be filed with the prothonotary, and in the present case the rule of court expressly directs that all depositions so taken shall be filed within a reasonable time in the prothonotary's or clerk's office.

The court were therefore in error in refusing to order the plaintiff to produce the deposition of the defendant taken under a rule of court and not then filed by him. The court should have ordered him to produce and file with the prothonotary, the deposition so taken and in his possession.

The next question is, when so filed, can the defendant use it on the trial. By examining the defendant, the plaintiff made him a competent witness for all purposes. This is the effect of the Act of 27th March 1865, as decided by this court in Seip v. Storch, 2 P. F. Smith 210. It was by force of this act the deposition of the defendant was taken, and it would lead to fraud and deception if the plaintiff should be permitted to suppress it, and withhold the truth from the court and jury. The question was virtually decided by us at this term in O'Connor v. American Iron Mountain Co., 6 P. F. Smith 234, in which we said: "The deposition of one of the real plaintiffs, taken under a commission issued by and on behalf of the defendant and filed in the case, was offered in evidence by the plaintiff, objected to and received. Such a deposition of a disinterested witness would clearly have been evidence for either party: 1 Greenl. Ev. § 324 and notes; Linfield

*v.* Old Colony Railroad Corporation, 10 Cush. 570; Calhoun *v.* Hays, 8 W. & S. 130, and we think the case of Seip *v.* Storch covers the present case."

Judgment reversed, and *venire de novo* awarded.