## In re RINDSKOPF.

*(Circuit Court, S. D. New York. July 29, 1885.)*

**DEPOSITION DE BENE ESSE—ARRESTING PROCEEDING—ATTACHMENT OF WITNESS.**
A party who has initiated proceedings to take a deposition *de bene esse,* has no power, after a witness has been examined in chief and an adjournment taken, to withdraw the proceedings, and a party in interest may, by attachment, compel such witness to appear and submit to cross-examination.

At Law.

*George Zabriskie,* for the motion.

*Stern & Myers,* in opposition.

WHEELER, J. This is a motion for an attachment to compel the appearance of a witness for cross-examination whose deposition had been taken *de bene esse,* pursuant to notice, to be used in a cause pending in the district of Minnesota to which the witness is a party, and on appearance by the opposite party, through an examination in chief, and who refused to appear for cross-examination at a time to which the examination had been adjourned for that purpose, because the proceedings for taking the deposition had been attempted to be withdrawn by the party initiating them, and notice of the withdrawal had been given to the attorney of the opposite party. The only question argued is whether the party who commenced the taking of the depo-

sition had the power to stop it at that stage. The statute provides that the witness may be compelled to appear and depose in the same manner as witnesses may be compelled to appear and testify in court. Rev. St. § 863. Whether the power of compulsion is to be found with the authority taking the deposition, or in the courts of the district in which it is taken, is not clearly shown by the statute. The learned author of Conkling's Treatise inclined to the latter view, and no book or case has been observed to the contrary. Conkl. Treat. 414.

As the counsel have not questioned the propriety of this mode of procedure, it is assumed, for the purposes of this motion, to be correct, without further expression of opinion.

The testimony is to be carefully reduced to writing by the authority before whom it is taken, or by the witness in that presence, (section 864;) and it is to be personally delivered, or transmitted under seal, to the court itself before which the cause is pending. The party who started the taking of it appears to have no right to its custody or to its suppression. The authority taking it appears to represent the court *pro hac vice*, for the purpose of authenticating the testimony of the witness, and preserving it for the trial, according to its admissibility and weight. When taken, it is taken in the cause for the use of either party according to its relevancy and competency. The party making this motion was interested in the testimony that was taken, and seemed to have the right to have it affected by cross-examination, as it might be, whether used by one party or the other. It seems, therefore, that the witness should appear, and the examination be completed. As the refusal appears to have been made under a claim of right, in good faith, no more than this is now required. Motion granted accordingly.