THE WISCONSIN, IOWA & NEBRASKA R'Y CO. ET AL. v. GIVEN, JUDGE.

69  581
115  288

1. Courts: POWER TO PRESERVE RECORDS: CONTEMPT. A court of record has power, on its own motion, or on the motion of a party, to make an order commanding an attorney to restore to the files a paper which he has removed without leave; and where such order is made on the motion of a party, it is not necessary to its validity that the attorney have notice of the motion; and if he fail to obey the order he may properly be cited to show cause why he should not be punished for contempt.

TUESDAY, OCTOBER 19.

CERTIORARI. The facts are sufficiently stated in the opinion.

*Hubbard, Clark & Dawley*, for plaintiffs.

*J. R. Barcroft*, for defendant.

SEEVERS, J.—The defendant is judge of the circuit court of Polk county, in which court an action was pending wherein one Thornton was plaintiff, and the corporation plaintiff was defendant. The object of the action was to recover compensation for the right of way over certain real estate owned by Thornton, which the defendant in the action had taken possession of. It became necessary, in the opinion of counsel, for Thornton to make a tender of a conveyance of the right of way, and such a conveyance was executed and deposited with the clerk, and tendered to the defendant in the action in a pleading, and such deed was filed by the clerk. Under the belief that the tender was unconditional, and that he had the right to accept and remove it from the files without the consent of Thornton or the court, counsel for the railway company did so, and a written acceptance of the deed was filed with the clerk. Afterwards, on the twenty-first day of October, 1885, Thornton dismissed his action.

On the succeeding day a motion was filed by the attorney of Thornton for an order on W. G. Clark, the attorney of the corporation, to return and place on file in court the conveyance which had been · tendered as above stated. The motion came on afterwards to be heard, and it was sustained and it was "ordered and adjudged    *    *    * that defendant's attorney, W. G. Clark, return said deed to the files of the court at once." This order was not complied with, and afterwards a motion was filed, asking that said Clark be cited to appear and show cause why he should not be attached for contempt because he had failed to return the deed as the court had ordered. Thereupon this proceeding was commenced.

No notice of the motion or order requiring the deed to be returned was ever served on Mr. Clark. The first knowledge he had of such order, it must be assumed, was obtained after it was made and entered of record, and therefore it is insisted that the defendant exceeded his jurisdiction, and acted illegally. When the deed was filed by the clerk it was in the custody of the court, and subject to its control, and of necessity the court has the power to protect and preserve the records and papers in its custody from spoliation. To this end it may undoubtedly proceed at any time, with or without a motion, whenever it has information that any such paper has been removed, to order and direct that it be returned by any of its officers having the possession of such paper, or who may have removed it from the files without leave of the court. The power of the court in this respect is not dependent on a notice, but exists independent of it. The court may, in the first instance, order the paper to be returned without previous notice to the person who has such a paper in his possession, or who has taken it from the files, and it is immaterial whether the paper was properly or improperly removed. It is sufficient for the court to know that some of its records or papers in its custody have been removed or taken without its consent, and therefore we shall

not stop to inquire whether the tender of the deed was con-
ditional or unconditional. At most, the order to return the
deed was error without prejudice. The rights of the plaint-
iff or of Mr. Clark have not been prejudiced thereby.
Cause can be shown why Mr. Clark is not in contempt.
Whether he can successfully do so it is not our province to
determine. All that we do determine is that the defendant,
when sitting as a court, had the power to make the order to
return the deed without previous notice to Mr. Clark. As
to the propriety of the order, under the circumstances, we
have no occasion to determine. The *certiorari* is therefore
quashed, and this proceeding

DISMISSED.