## FIRST NAT. BANK OF GRAND HAVEN v. FOREST.

*(Circuit Court, N. D. Iowa, E. D.   November 25, 1890.)*

DEPOSITIONS DE BENE ESSE—FILING.

    A deposition *de bene esse*, taken on interrogatories propounded by both parties, is not under the control of the one at whose instance it was taken; and, if at his request, the commissioner withholds the deposition, an order will issue requiring its return, the court having no discretion to refuse the order because the party was surprised by the testimony given.

At Law.

Motion for an order requiring a commissioner to file in court a deposition taken *de bene esse*.

*Chas. A. Clark*, for plaintiff.

*Boies, Husted & Boies* and *Henderson, Hurd, Daniels & Kiesel*, for defendant.

SHIRAS, J.    This action is based upon certain promissory notes signed "Forest Bros.," it being claimed that the defendant was a member of the firm, and therefore liable upon the notes.   The defendant denies that he was a member of such firm, and this is the main issue in the case.   In June last, plaintiff's attorneys served written notice on attorneys for defendant that the deposition of George Forest would be taken at Flint, Mich., before Henry R. Lovell, a United States commissioner, the reason assigned for taking the same being "that the said George Forest resides in the state of Michigan, outside of the northern district of Iowa, and more than one hundred miles from the city of Dubuque, the place where it is expected the said action will be tried."   In other words, it was proposed to take the deposition under what is commonly known as the *de bene esse* provisions of the statute, and which now form sections 863, 864, and 865 of the Revised Statutes of the United States.   On the day named in the notice, counsel for the respective parties appeared at Flint, Mich., and the deposition of the witness was taken upon oral interrogations and reduced to writing by the commissioner.   It now appears that the deposition thus taken has never been returned into court by the commissioner, and, in reply to a letter of inquiry addressed him by counsel for defendant, he writes under date of October 28, 1890, as follows:

"Replying to yours of 22d inst., Mr. Farr, who appeared for the plaintiff in the matter in question, instructed me to hold the deposition subject to his order, and I am still so holding it.

"Very respectfully,

"HENRY R. LOVELL, U. S. Commissioner."

The motion now submitted on behalf of defendant is for an order directing the commissioner to return the deposition forthwith, as the case is noticed for trial at the present term.

So far as the action of the commissioner is concerned, it is clear that he misconceives his duty in the premises.   It is his duty to deliver the

deposition into this court with his own hand, or to seal it up and send it to this court, as required by the provisions of section 865 of the Revised Statutes. A commissioner is supposed to be wholly indifferent between the parties, and to act for the common interest in taking and forwarding depositions; and a deposition taken upon interrogatories propounded by both parties is not under the control of one of the parties. When taken, it should be promptly forwarded by the commissioner to the court in which the cause is pending for trial, and a commissioner is derelict in his duty who allows one of the parties to dictate to him the disposition to be made of a deposition thus taken by him under the authority conferred upon him by law for that purpose. On behalf of plaintiff it is urged, in opposition to the motion, that the court, in the exercise of its discretion, should not require the forwarding of the deposition, for the reason that plaintiff has been taken by surprise by the testimony of the witness in question, and that plaintiff's counsel had no opportunity for cross-examining the witness, and thus exposing the alleged falsity of his testimony, and that plaintiff is entirely willing to have defendant take the deposition anew, and thus afford plaintiff an opportunity for a thorough cross-examination. To the motion is attached a copy of the testimony given by the witness before the commissioner, and the court has thus been enabled to see fully the force of the reasons urged by plaintiff's counsel in justification of the course pursued in this matter, and if I deemed it to be a matter within the discretion of counsel I might feel justified in holding that the facts did not demand action on part of the court; but the real question to be determined is whether, as a matter of practice, a party can direct a commissioner to withhold a deposition of a witness taken on his motion, but where both parties have examined the witness, simply because the testimony does not suit such party. For illustration: Suppose in this case the court, in accordance with the suggestion of plaintiff, should refuse the order requested, upon the theory that the defendant could take the testimony of the witness anew, and that should be done, and the tenor of the evidence should be such as not to be pleasing to the defendant, and he in turn, following the example of the plaintiff herein, should notify the commissioner not to forward the deposition, what position would the court and the parties be in? It cannot be possible that such a practice can be permitted, without injury to the rights of clients. When a deposition is returned, it is always within the power of the court, upon a sufficient showing of surprise or the like, to require a witness to be re-examined, or to submit to further cross-examinations, if fair opportunity therefor has not been enjoyed, but it cannot be permitted to a party to cause depositions to be taken upon notice to the other party, and after the latter has, at expense, attended at the time and place named, and participated in the examination, to then nullify, at his own pleasure, all that has thus been done, by simply directing the commissioner to hold the deposition, instead of forwarding the same to the proper court. I do not suppose it would be claimed that after the deposition had reached the clerk's hands the party on whose motion it was taken could take possession thereof, and refuse

to produce it, or by directing the clerk to hold it he could deprive the other party of the right to use it òn the trial. The deposition in the hands of the commissioner is just as much beyond the control of the parties as though the same had been filed in court. When filed in court, the party on whose motion the deposition was taken is not obliged to read the same in evidence unless he so chooses, but he cannot prevent the other party from reading it as part of the latter's case. So when a deposition has been taken before the commissioner, the party moving therein may ignore it,—that is, may refuse to further deal with the deposition on his own behalf,—but he cannot deprive the other party, who participated in the taking thereof, of the right to have the deposition returned into court in order that he may adopt it and read it as part of his evidence. The copy of the deposition taken shows that full opportunity was afforded to plaintiff's counsel to examine the witness at length, and at the beginning of the cross-examination, upon objection being made, that certain questions were not proper in cross-examination, defendant's counsel stated that all questions not deemed to be proper as matter of cross-examination he should ask the court to receive as testimony on part of the defendant. The witness being thus made, in part at least, a witness for defendant, was thus subjected to cross-examination on part of plaintiff; and, if the opportunity was not availed of to the extent now deemed desirable by counsel, it was not the fault of the witness or of defendant. I am therefore clearly of the opinion that the defendant is entitled to have the deposition in question promptly forwarded to the court by the commissioner. Not doubting that counsel, on being advised of the views of the court, will forthwith notify the commissioner that he is required to promptly forward the deposition, and that the latter will at once perform the duty which the statute places upon him, no further order in the premises will be made at the present time.