J. B. STEWART et al. v. JOHN R. REGISTER et al.

*Estoppel of Record — Judgment — Parties — Pleading — Deposition, when competent — Evidence — Cross-examination.*

1. A judgment that "plaintiffs are permitted to withdraw their action or special proceeding because the same was prematurely begun, and leave is given the defendants to withdraw their counterclaim," cannot be pleaded as estoppel as between the parties thereto in another action between the same. Such judgment is no final determination of the controversy.

2. It is not necessary, to render depositions competent to be read in evidence, that they should have been taken in the same action ; it is sufficient if they were taken in another action or proceeding between the same parties in relation to the same subject-matter, or involve the same material questions, and the adverse party had opportunity to cross-examine the witness making them; nor was it necessary that proceedings should have been taken in a Court of law or equity to render them competent.

This was a CIVIL ACTION, tried at October Term, 1890, of SAMPSON Superior Court, before *Armfield, J.*

The action was brought to have a deed of conveyance of land specified in the complaint corrected so as to insert therein at the pertinent and appropriate place, to pass the fee-simple estate in the land conveyed, the words, "and their

heirs," which, it is alleged, were omitted from it by the inadvertence and mistake of the draughtsman thereof. It is alleged that the deed conveyed but a life-estate, whereas the grantor therein, a grandfather sustaining the relation of *loco parentis* to certain of his grandchildren, intended thereby to convey to them the fee in the land conveyed. The defendants deny the material allegations of the complaint, and allege also that the plaintiffs are estopped in the action by the determination of a *special proceeding* specified before this action began. That proceeding came before this Court by appeal, and the latter directed that the judgment appealed from be reversed. *Powell* v. *Morisey*, 98 N. C., 426. The judgment of this Court was duly certified to the Superior Court. Thereupon, that Court at the October Term thereof of 1888 made this entry in the proceeding:

"The plaintiffs are permitted to withdraw their action or special proceeding because the same was prematurely begun, and leave is given the defendants to withdraw their counterclaim."

In this action the Court submitted to the jury appropriate issues, and they found by their verdict that the maker of the deed in question did intend to convey the fee in the land conveyed thereby, and that the words "and their heirs" were omitted from it by the mistake and inadvertence of the draughtsman thereof; that the grantor of the deed at the time he executed the same had placed himself *in loco parentis* to the grantees in the deed, who were his grandchildren, and that the plaintiffs were the owners of the land. The Court, on inspection of the record of the special proceeding above referred to, decided that the same did not estop the plaintiffs in this action, and the defendants excepted.

The following is so much of the case settled on appeal as need be reported:

"On the trial the plaintiff offered as evidence a deposition of A. A. McKoy, a copy of which is filed with this record, marked 'Exhibit A.' It was stated by the plaintiffs, and admitted by the defendants, that this deposition had been regularly taken and allowed to be read, and was read on the trial in the case, set out in the defendants' answer in this action alleging a second defence. That said McKoy had died before the commencement of this action. The defendants objected to this evidence on the ground that said deposition had not been regularly taken in this action, and no proceeding in law or equity had been taken to make the deposition competent. The Court overruled this objection, and the defendants excepted."

The Court gave judgment in favor of the plaintiffs, and the defendants, having excepted as above stated, appealed to this Court.

*Messrs. J. L. Stewart* (by brief) and *R. H. Battle*, for plaintiffs.

*Messrs. H. E. Faison* and *A. W. Haywood*, for defendants.

MERRIMON, C. J.—after stating the facts : The special proceeding relied upon by the defendants does not, in any view of it, constitute an estoppel of record upon the plaintiffs in this action, for the plain reason that that proceeding was never determined upon the merits thereof by any final judgment therein. See *Powell* v. *Morisey*, 98 N. C., 426.

This Court directed the judgment therein appealed from to be reversed, but no entry of reversal was ever made. Indeed, it appears that when the decision of this Court was certified to the Superior Court, the later Court at once allowed the plaintiffs to "withdraw their action or special proceeding, because the same was prematurely begun," and allowed the defendants therein "to withdraw their counterclaim." Thus the proceeding was, in legal effect, dismissed, abandoned,

by common consent of the parties, before the litigation was completed. There was no settlement of the rights of the parties, nor any judgment concluding the latter in any respect. The plaintiffs withdrew the matter of their proceedings, and the defendants did likewise, with the sanction of the Court. It so appears of record. Nothing appears by the latter to estop the parties in this action or elsewhere. To create an estoppel by a former judgment it must appear that the matter, claim, or demand in litigation has been tried and determined in a former action or proceeding, and the identity in effect of the present and former cause of litigation must appear. *Temple* v. *Williams*, 91 N. C., 82.

The defendants objected to the deposition read in evidence on the trial, on the ground that it "had not been regularly taken in this action, and no proceeding in law or equity had been taken to make" the same competent. These objections are clearly not tenable. It was not necessary that the deposition should be taken in this action. It is sufficient if it was taken in another action or proceeding between the same parties in relation to the same subject-matter, or cause of action, or involves the same material questions, and the adverse party had opportunity to cross-examine the witness. *Bryan* v. *Malloy*, 90 N. C., 508; 1 Greenleaf Ev., 553; Taylor on Ev., § 434. Nor was it necessary that any proceeding should be taken in a Court of law or equity to render it competent as evidence in this action. It was sufficient to take it from the files to which it properly belonged and introduce it on the trial, properly identifying it with the former action. It could not be changed, modified or amended; it, as it appeared on file, was sufficient or insufficient, competent or incompetent. Why, therefore, should any proceeding be taken in Court to render it competent? Any proper objection might have been made to it at the time it was put in evidence. It might have been objected that it was not taken in another action between the parties, or that it was

taken in respect to a different matter or cause of action; it might have been objected further that it was in no way material in the former action. The material parts of the record in the former action should have accompanied and been introduced with it to show its pertinency or competency in this action. Indeed, it seems that such record was so introduced.

It does not appear from the record that any such objections as those just suggested were made in the Court below. If there were such, and the defendants intended to avail themselves of them here, they should have had the objection noted in the record, and if the Court failed to sustain the same they should have assigned error. The exceptions made did not raise any such questions.

The defendants' counsel, on the argument before us, insisted that several of the parties to the former action are not parties to the present one, and that several of the parties to the present one were not parties to the former one. But no such objection appears from the record to have been made in the Court below. No error is assigned in such respect. Moreover, there is no pertinent *data* by which we can see who of the present action were or were not of the former action. Nor can we see by the record who of the present action are in privity with parties to the former action.

The judgment, therefore, must be affirmed.

Judgment affirmed.