## J. L. MOTT IRON-WORKS *v.* STANDARD MANUF'G CO.

(*Circuit Court, W. D. Pennsylvania.* December 12, 1891.)

DEPOSITIONS—FILING—STIPULATIONS.
 When the parties to an equity cause stipulate that testimony may be taken before any officer or magistrate, qualified to administer oaths, without special appointment by the court as an examiner, the depositions thus taken must be filed of record, as required by equity rule 67, in cases where an examiner is regularly appointed; and the party in whose behalf the testimony was taken has no right to suppress it.

In Equity. Suit by the J. L. Mott Iron-Works against the Standard Manufacturing Company. Heard upon motion to compel the filing of depositions. Motion granted.

*Connolly Bros.*, for the motion.

*Francis Forbes*, opposed.

REED, J. It appears that, by stipulation between counsel for the parties, it was provided that testimony on behalf of the respective parties might be taken before any officer or magistrate, qualified to administer oaths, without special appointment by the court as an examiner. Under this stipulation notice was given by complainant's counsel that they would take proofs for final hearing in the city of Brooklyn. At the time fixed by the notice, one James Foley was called by the complainant, and examined orally by counsel for both parties, before Richard P. Marle, United States commissioner. A certain form of waste-valve marked by the commissioner was produced by complainant, and used in the examination and cross-examination of the witness. After that hearing, counsel for the parties stipulated that the testimony taken before Mr. Marle might be retained by complainant's counsel until the next hearing, to be fixed by counsel. Subsequently notice was given to defendant's counsel by complainant's counsel that the testimony of Mr. Foley would not be filed. A motion was then made by defendant's counsel for an order compelling the filing of the testimony and the exhibit used in the examination of the witness Foley. Upon the argument it was contended by defendant's counsel that the defendant was entitled to have the testimony and the accompanying exhibit filed, so that, if complainant did not see fit to use them on final hearing, the defendant might avail itself of the testimony, if it desired. On the other hand, complainant took the position that it might use the testimony or not, as it saw fit; and, if defendant desired the testimony, it could call and examine Mr. Foley as its witness. The sixty-seventh equity rule requires

the examiner to return the original deposition to the clerk of the court, to be there filed of record; and this testimony would seem to have been taken under the provisions of that rule, the stipulation of the parties simply providing for the acting of some person competent to administer oaths, as an examiner, in lieu of an appointment by the court of such an examiner. Either party, therefore, would have the right to insist that the testimony (and necessarily the accompanying exhibits) should be filed by the examiner. The rule in suits at law has long been that, when a deposition was filed, either party was entitled to read it, under the rules which might govern as to its competency and relevancy, and that it could not be suppressed by the party at whose instance the witness was examined in chief. *Bennett* v. *Williams*, 57 Pa. St. 404; *Nussear* v. *Arnold*, 13 Serg. & R. 323. If this be so in proceedings at law, where nothing is in evidence before the jury until formally offered and admitted, much more would it seem to be the case in proceedings in equity, where there is no formal offer of testimony at the final hearing, where all testimony taken in the case is at once practically in evidence, to be regarded or disregarded by the court, in making its decree, as it shall regard it as competent and relevant or otherwise.

In the case of *Bank* v. *Forest*, 44 Fed. Rep. 246, an action at law, the commissioner before whom a deposition *de bene esse* had been taken refused to file it under instructions from the counsel of the party on whose behalf the witness had been examined. But the court held that the deposition was not under the control of the party at whose instance it had been taken, and that an order should be made for its filing at the instance of the other party, saying:

"The deposition in the hands of the commissioner is just as much beyond the control of the parties as though the same had been filed in court. When filed in court, the party on whose motion the deposition was taken is not obliged to read the same in evidence unless he chooses, but he cannot prevent the other party from reading it as part of the latter's case. So, when a deposition has been taken before the commissioner, the party moving therein may ignore it,—that is, may refuse to further deal with the deposition on his own behalf; but he cannot deprive the other party, who participated in the taking thereof, of the right to have the deposition returned into court in order that he may adopt it, and read it as part of his evidence."

In the *Case of Rindskopf*, 24 Fed. Rep. 542, the court said, respecting a deposition *de bene esse*, where the party on whose behalf the witness was examined sought to stop the cross-examination, by withdrawing the proceedings for taking the deposition:

"The party who started the taking of it appears to have no right to its custody or to its suppression. The authority taking it appears to represent the court *pro hac vice*, for the purpose of authenticating the testimony of the witness and preserving it for the trial, according to its admissibility and weight. When taken, it is taken in the cause for the use of either party, according to its relevancy and competency. The party making this motion was interested in the testimony that was taken, and seemed to have the right to have it affected by cross-examination, as it might be whether used by one party or the other."

In *Sturgis* v. *Morse*, 26 Beav. 562, the master of the rolls said:

"I apprehend that evidence given for any defendant is evidence for the whole cause, and that the plaintiff may make use of it, both in argument or comment. I have known it done repeatedly, and I think that the evidence in the cause may be made use of by the plaintiffs against the defendants, and by the defendants against the plaintiffs."

Upon principle and authority, therefore, I think that this testimony, taken in accordance with the stipulation of the parties, should be filed in the clerk's office. The fees of the commissioner should, however, be paid by the defendants before the testimony is filed,—the question as to which party shall ultimately pay them being left for future decision; but at present the defendant, desiring the use of the testimony, should pay the fees. *Frese* v. *Biedenfeld*, 14 Blatchf. 402. As I understand counsel are ready to file the testimony, or cause it to be filed, if so decided, no order will be made at present.