No. 541.

## GRANT v. DAVIS, ADMINISTRATOR.

ACTIONS.—*Consolidation of.—Claims Against Decedent's Estate.*—Where the plaintiff filed a claim against a decedent's estate for services rendered her and her administrator, and on the same day filed in the same court another claim against the same estate based upon a contract by the terms of which the decedent agreed to convey to the plaintiff certain real estate, and alleging her refusal to do so and consequent loss to the plaintiff, it was proper for the court on motion to consolidate the two causes. See sections 278 and 595, R. S. 1881.

PRACTICE.—*Examination of Party Before Trial.—Removal of Document from Files.—Motion for Inspection.— When Properly Made.*—The plaintiff was examined prior to the beginning of the trial under section 509, *et seq.,* R. S. 1881. The defendant's attorney, after the examination was filed and published, removed it from the files. Six days before the trial the plaintiff filed an affidavit stating the fact of the removal of the examination, and moved for an order requiring the defendant to return the paper to the files or give him an inspection of the same. Upon representations by the appellee that if he elected to introduce the examination in evidence the plaintiff would be afforded ample time and opportunity to read and inspect the same, the motion was overruled. The examination was read in evidence, and no objection or exception to the introduction thereof was taken by the plaintiff.

*Held,* that it was error for the court to overrule the motion, and that it was not incumbent upon the plaintiff to raise an objection to the document going in evidence in order to make available his objection and exception upon the ruling of the court upon his motion.

*Held,* also, that it was not necessary for the plaintiff to show for what purpose he desired the document returned to the files, so that he might inspect it.

From the Tipton Circuit Court.

*J. C. Blacklidge, C. C. Shirley, B. C. Moon, J. W. Kern, J. N. Waugh, J. P. Kemp* and *D. Waugh,* for appellant.

*M. Bell, W. C. Purdum, R. P. Beauchamp, W. W. Mount, S. T. McConnell* and *A. G. Jenkins,* for appellee.

REINHARD, C. J.—The appellant is an attorney at law. He filed in the office of the clerk of the Howard Circuit Court a claim against the estate of appellee's decedent for services rendered her and her administrator. By change of

venue this claim was transferred to the docket of the court below. On the same day of the filing of the above named claim, and in the same court, another was filed by the appellant against the same estate. This claim was based upon a contract by the terms of which the decedent agreed to convey to the appellant certain real estate for the consideration of $30,000, but which it is alleged she refused to convey because the appellant had sold it for $42,000, thus losing $12,000 in the transaction. The venue of this cause was also changed to the court below. Upon motion of appellee the two causes were consolidated and tried together over the objection and exception of the appellant. The consolidation of the two causes constitutes the first error relied upon by the appellant.

It is provided by the code that a plaintiff may unite several causes of action when they are all " money demands on contract," such as the two claims in the case at bar. Section 278, R. S. 1881. The same code provides that " When the plaintiff shall, at the same court, bring several actions against the defendant upon demands which might have been joined in one action, he shall recover costs only in one action." Section 595, R. S. 1881.

It is further to be noted that, although the improper joinder of different causes of action constitutes good cause for demurrer, under subdivision 6, section 339, yet under the following two sections (340, 341) the sustaining or overruling of such demurrer is not error which will cause a reversal. *Coan* v. *Grimes,* 63 Ind. 21.

It would seem from these provisions and from the policy of the law to avoid a multiplicity of suits whenever practicable, that the consolidation of causes of this character is favored, and when done will be regarded as a proper exercise of judicial discretion. 1 Am. and Eng. Encyc. of Law, 184 *a.*

The practice obtains in chancery courts. *Campbell's Case,* 2 Bland Ch. 209; *Patterson* v. *Eakin,* 87 Va. 49; *Biron* v. *Edwards,* 77 Wis. 477. Also at common law, 3 Chitty Pr. 642, though it seems in the latter it was applied more par-

ticularly where the subject-matter of the actions was the same. *City of Springfield* v. *Sleeper*, 115 Mass. 587; Thompson Trials, section 210.

We are of the opinion that the court committed no error in ordering the cases consolidated.

The appellee examined the appellant prior to the beginning of the trial under section 509, *et seq.*, R. S. 1881. The examination was filed and published. It seems that afterwards the document containing this examination was removed from the files, by the appellee's attorneys. The filing took place on the 27th day of March, 1891. On the 21st day of September, 1891, the appellant filed an affidavit in the court below stating that the appellee had removed said paper from the files and refused to permit the appellant an inspection thereof, and moved for an order upon the appellee to place said paper back on the files or give the appellant an inspection of the same. To this the appellee filed an answer admitting that his attorneys had taken the paper off the files, but stating that the appellant was present at the examination and knew the contents of the paper, and that immediately after said examination and before he signed the same he had had said paper in his possession as much as a week or ten days. As a further reason for refusing to permit said appellant the use of said paper, appellee stated that the law made it optional with the appellee whether he would introduce said paper in evidence or not, and if he elected to so introduce it he would give the appellant ample time and opportunity to read and inspect the same. The court thereupon overruled the appellant's motion, and the latter saved his exception, and now urges this ruling as a proper and sufficient ground for the reversal of the judgment.

The trial did not occur until the 27th day of September, 1891, or six days after the overruling of said motion. The paper containing said examination was introduced in evidence and read to the jury. No objection or exception to the introduction thereof seems to have been taken by the

Grant *v.* Davis, Administrator.

appellant. The argument is made for appellee that we must assume that during the six days' interval, between the day the motion was presented and the day of the trial, the appellee's counsel gave the appellant a satisfactory inspection of the paper in question, otherwise the appellant's counsel would not have permitted it to go in evidence without objection.

With this position of counsel we can not agree. The time for appellant to make objection to the removal of the paper from the files and to move for an inspection of the same was before the beginning of the trial. Had the appellant waited until the paper was offered in evidence before raising the questions as to taking from the files and inspection, the court would have decided, and properly so, we think, that it was too late, and that the appellant was then in no position to object. The declaration of appellee's counsel that they would not introduce the paper in evidence without giving the appellant ample opportunity to inspect it did not, in our judgment, cast upon the appellant the duty of raising an objection to the document's going in evidence in order to make available his objection and exception upon the ruling of the court upon his motion. It is a false assumption that the paper containing this examination belonged to the appellee, and he or his counsel could do as they pleased with it. The paper belongs to the files of the court, as one of the papers in the cause, the same as a deposition. Section 511, R. S. 1881. It is true the party taking it need not use it in evidence, unless he sees fit to do so, but this gives him no right to take it away and conceal it until the day of trial, and then use it or not, as he may determine. And yet if the ruling of the court be sustained it will inevitably lead to some such result. It is really not a question of giving the opposite party a right to inspect the paper, for that would be assuming that it was rightfully in the possession and custody of the party taking it, like any other paper or article belonging to him. Here the paper is *in custodia*

*legis,* and either party should have access to it under such reasonable restrictions as the court in its discretion may prescribe. True, if the appellee had not introduced the paper in evidence, it could not be said that appellant had sustained any injury from the ruling of the court. But the fact that the paper was used made the ruling harmful. We can not indulge in presumptions that the appellee's attorneys must have submitted the document to the appellant or his counsel in time for an inspection, or the latter would have raised an objection to its introduction. There may have been very potent reasons which prompted the appellant to abstain from raising an objection to have his own statement go before the jury. However that may be, it seems to us that the appellant did all he could reasonably be expected to do in making the motion and reserving an exception to its being overruled by the court.

The question is somewhat analogous to the one arising upon the overruling of a motion to suppress a deposition. If the motion is erroneously overruled and an exception saved, the unsuccessful party is under no obligation to object to the introduction of the paper in evidence when it is offered, unless the exception goes to something not apparent on the face of the deposition. His exception to the ruling of the court in failing to suppress the deposition will quite effectually save the question for him so as to present it on appeal. There was nothing left to be done by the appellee after the court had ruled against his motion to place the paper back on the files so he could inspect it. Had the court made an order upon appellee's attorney to return the examination to the files within a time certain, and the record was silent as to whether this was done or not, there would be good reason for presuming that the order had been complied with, and in that event an objection to the introduction might become necessary in order to bring it to the court's attention that its order had not been obeyed. But where no order was made, how can it be presumed that appellee had voluntarily done that which the court decided he was under no obligation to do?

It is earnestly contended on behalf of appellee that it is not shown that appellant was harmed by the ruling, as no showing was made for appellant as to the purpose for which the paper was to be returned to the files and an examination of it made by the appellant and his counsel. This position, in our judgment, can not be sustained. As well might it be contended that if the complaint or answer had been removed from the files by the appellee, and appellant had asked for an order to have it restored so that he might make some examination of it, the latter must first show the purpose for which he wanted such paper, and that if he failed to disclose such purpose and the court ruled against him he was without remedy.

The paper under consideration was as much one of the files of the cause as the complaint or answer, and it was as little required in the one case as in the other that each time he desired to look over it he should present some specific reason therefor. If this paper was to be used against him in evidence, he could not be denied its examination without giving some particular reason for wanting to do so. There are scores of reasons why such inspection is not only proper but necessary to a correct preparation of the case, and we know of no rule that each time counsel desire to examine a paper on file they should be required to testify upon oath, or state in writing, why they wish to use it. If the paper was not to be used, he could, doubtless, take it from the files with the court's permission, and even if taken without it, no injury would occur to the other party. Certain technical rules of practice must necessarily be adhered to for the furtherance of justice. We presume that if a deposition were taken from the files and opened by one of the parties without the usual formality of first publishing it in open court, and were kept by such party an indefinite length of time, the court would not hesitate, upon motion of the opposite party, to have it placed upon file so that he might have proper opportunity of examining it, and we apprehend that in such

case the court would not require the party requesting the privilege of examination to assign some reason therefor before granting it. The overruling of such a motion and the subsequent use of the deposition would be a clear error, for which the judgment must be reversed.

Without extending this opinion further it is sufficient to say that we have concluded that the court committed a similar error in the overruling of the motion under consideration. Other questions discussed may not arise again, and for that reason we shall not pass upon them at this time.

Judgment reversed.

Filed June 10, 1892.