Wm. H. Howe, as Executor of the Estate of E. M. Davis, Deceased v. The Mutual Reserve Fund Life Association, Appellant.

**Withdrawal of Deposition:**   ORDER TO RESTORE TO FILES.   Under Code, section 288, providing that the record shall consist of the original papers filed in all proceedings; and section 287, requiring the clerk to keep the records; and section 4707, prescribing that depositions filed with the clerk shall not be taken from his office previous to the next term of court, unless by the written consent of all the parties,—the court may properly order the defendant to return the depositions filed by it with the clerk, but which were not used as evidence on the trial, and which were taken from the files without leave, as they are not the property of the party filing them, but are subject to the use of either party.

COURT MAY PROCEED ON ITS OWN MOTION.   The method or motive through which the court's attention was directed to the wrongful retention of certain papers from the files is immaterial, since it could proceed on its own motion to have them restored.

TITLE OF PROCEEDINGS.   Proceedings for the restoration of certain papers taken from the files are not invalid in being instituted under the title of the original action, which has been settled.

the proceedings not reviving the action or becoming a part of it, but the title being merely a matter of convenience and identification

*Appeal from Clinton District Court.*—Hon. P. B. Wolfe, Judge.

Saturday, December 21, 1901.

Action against defendant on a life insurance policy was begun in December, 1897, and, on issue joined, the plaintiff's evidence was introduced at the trial, September 23, 1898, when the controversy was adjusted, and judgment entered against the defendant, and fully paid, on the same day. Thereafter, January 5, 1899, a petition, verified by the attorney of plaintiff in the original cause, was presented to the court, in which it was averred that certain depositions taken on behalf of defendant had been removed from the files by its attorneys, and prayed for an order that it be required to show cause why they should not be restored. The order was issued accordingly, and the defendant answered by way of general denial, though admitting the removal of the deposition. It further averred, and all that follows was stricken on motion, that the depositions were taken for its own use, paid for by it, and were its property; that though filed they were not used as evidence; that the cause had been finally disposed of, the estate of Davis settled, and plaintiff had no further interest in the same; that this suit was instituted by one of plaintiff's attorneys, E. S. James, for the purpose of extorting money of defendant; and certain letters are attached, relating to his prospective employment by it. Evidence was introduced, and the defendant and its attorneys ordered to restore the deposition to the files within 30 days. The defendant appeals.—*Affirmed.*

*Hayes & Schuyler* for appellant.

*Walsh Bros., F. W. Ellis,* and *E. S. James* for appellee.

Ladd, J.—The depositions had been returned and filed by the clerk. They then became a part of the files in that particular case, to be kept by the clerk under the direction of the judge. Section 287, Code. They could not be taken from the office previous to the next term of court, "unless by the written consent of all of the parties" (section 4707, Code); and at no time without leave. *Pelamourges v. Clark,* 9 Iowa, 20; *Hale v. Gibbs,* 43 Iowa, 380. Though not a part of the record in that case for the purposes of an appeal, they were original papers, duly filed, and formed a part of the records of the court. Section 288, Code. As they were taken for this purpose, it is wholly immaterial at whose instance or expense this was done. Upon filing, one party might as freely use them as the other. *Walkley v. Clarke,* 107 Iowa, 451; *Brown v. Byam,* 65 Iowa, 374. And in a subsequent action between the same parties they are at the disposal of either as evidence. *Shaul v. Brown,* 28 Iowa, 37; *Atkins v. Anderson,* 63 Iowa, 739; *Searle v. Richardson,* 67 Iowa, 170.

The control of the party taking is only, as clearly indicated in *Hale v. Gibbs, supra,* that of determining whether he will offer them in evidence. There appears to be no distinction, aside from the manner of procedure, between those taken on notice, commission, or stipulation. Nor is there any provision for the return of depositions to the party taking them upon the final disposition of the case or when not used. They continue a part of the files in the case and of the records of the court. It is settled law that destroyed or lost records may be supplied. *Loomis v. McKenzie,* 48 Iowa, 416; *Gammon v. Knudson,* 46 Iowa, 455. And if one of the court records have been removed or files taken it is quite as much within its authority to order their return.

As said in *Railway Co. v. Given,* 69 Iowa, 581. "Of necessity, the court has the power to protect and preserve the records and papers in its custody from spoliation. To this end it may undoubtedly proceed at any time, with or without motion, whenever it has information that such paper has been removed, to order and direct that it be returned by any of its officers having the possession of such paper, or who may have removed it from the files without leave of the court. The power of the court in this respect is not dependent on a notice, but exists independent of it. The court may, in the first instance, order the paper to be returned without previous notice to the person who has such a paper in his possession, or who has taken it from the files, and it is immaterial whether the paper was properly or improperly removed. It is sufficient for the court to know that some of its records or papers in its custody have been removed or taken without its consent." It is of the highest importance that court records and files be preserved. These often relate to the disposition of property, and always to the adjustment of rights more or less valuable, and contingencies are constantly arising, which could not have been anticipated by the acutest foresight, where their preservation is of the utmost value. That these depositions were removed by defendant's attorneys is not denied, and, for all that appears, one of them, residing in New York City, or defendant, still retains them. The defense is not by way of excuse for not returning them to the files, but an attempt to justify withholding therefrom. It is wholly untenable. The method or motive through which the court's attention was directed to the retention of the papers is immaterial, as it could have as well have proceeded on its own motion. It is suggested by appellant that the proceedings ought not to be had under the title of the original action. That was a mere matter of convenience, and doubtless for the purpose of identification. It did not revive the action, nor make the motion a part of it.

The point as to whether the appeal might be taken therein or at all is not raised, and, as we affirm, need not be decided. Possibly *certiorari* would afford the more available remedy. —AFFIRMED.