Allen, J.
 

 As the record shows, the superior court ordered Thayer to file the deposition, both in the original personal injury action, which had been dismissed at the date of the order, and in the second personal injury action, which was pending at the date of the order.
 

 Generally speaking, depositions must be filed or recorded in the court to which they are returnable, and, if they are improperly retained, the party having them in possession may be compelled to produce, file, or record them.
 
 Carr
 
 v.
 
 Adams,
 
 70 N. H., 622, 45 A., 1084;
 
 Bennett
 
 v.
 
 Williams,
 
 57 Pa., 404;
 
 Johnston
 
 v.
 
 Penna. Rd. Co.,
 
 5 Wkly. Notes Cas., (Pa.), 360;
 
 Vanarsdalen
 
 v.
 
 Dickerson,
 
 2 Wkly. Notes Cas., (Pa.), 111;
 
 N. Y. State Bank
 
 v.
 
 Western Bank,
 
 2 Miles (Pa.), 16;
 
 Lour
 
 v.
 
 Vandermark,
 
 4
 
 *198
 
 Kulp (Pa.), 425;
 
 Martin
 
 v.
 
 Dearie,
 
 9 Phila. (Pa.), 186.
 

 It is conceded that if the deposition had been filed in the original case, since the matter in controversy - was between the same parties and over the same question, the deposition could have been ordered to be filed, and used in evidence upon the second suit.
 
 Leviston
 
 v.
 
 French,
 
 45 N. H., 21;
 
 Stewart
 
 v.
 
 Register,
 
 108 N. C., 588, 13 S. E., 234;
 
 Nevil
 
 v.
 
 Johnson,
 
 2 Vern., 447, 23 Eng. Rep. R., 886. This is expressly provided by statute in this state as appears below. Section 11540, General Code.
 

 In this ease, however, we have a situation in which the deposition was not filed in the original ease. If was transcribed and signed by Block, but it was never sealed in an envelope, indorsed with the title of the case, signed by the officer before whom it was taken, nor addressed by him and transmitted to the clerk of the court where the action was pending, as required by Section 11538, General Code. Under these circumstances, the petitioner claims that, since the original case was dismissed before the deposition was filed, the deposition is not a part and cannot now be made a part of the record in either the dismissed case or in the pending case; that is, that the order of the superior court in each case is a nullity, and hence the petitioner is unlawfully restrained of his liberty, if confined in jail under the orders. On the other hand, the sheriff claims that the failure to file the deposition was due to the failure of the notary to perform his official duty; that therefore, in contemplation of law, the deposition should be
 
 *199
 
 considered as if filed in the first action prior to its dismissal; that the deposition is an official record in the first action; and hence the court has jurisdiction to compel its production in each case.
 

 The statutes governing this question, so far as pertinent, read as follows:
 

 Section 11538, General Code: “The deposition so taken must be sealed in an envelope indorsed with the title of the cause, and the name of the officer before whom it was taken, who shall address and transmit it to the clerk of the court where the action or proceeding is pending.”
 

 Section 11525, General Code: “The deposition of a witness may be used only when it is made to appear to the satisfaction of the court that he does not reside in, or is absent from, the county where the action or proceeding is pending * * *.”
 

 Section 11540, General Code: “A deposition may be read in any stage of the action or proceeding or in any other action or proceeding upon the same matter between the same parties * * *.”
 

 It appears that Block has died since the dismissal of the first action, and hence, so far as the limitation of Section 11525, above quoted, is concerned, the deposition could be used upon the second action.
 

 The record shows that the deposition in question was taken, not on behalf of the plaintiff, but on behalf of the defendants. It is admitted that the notary public has an office in the offices of the attorney for the traction company, which was one of the defendants in the action, and that he looks to that office to be reimbursed for his fees in taking the deposition. Notice was given all parties of
 
 *200
 
 the taking of the deposition, and, therefore, ample opportunity was given the defendants to cross-examine the plaintiff, Block. The deposition was written out and signed by Block, and, so far as the record shows, was complete with exception of the fact that it was not indorsed, sealed, signed, and returned by the notary.
 

 What, then, was the duty of the notary in this particular? He might have withheld the deposition for his fees (Section 11545, General Code), but, as the record shows, he expressly waived any question of fees in the case.
 

 Having made this waiver, the notary was required, under Section 11538, to transmit the deposition to the clerk of the court, who would have filed it in the superior court. He had no authority to keep the deposition from the files. His only authority after completion of the deposition was to return the deposition to the clerk for filing. The officer before whom the deposition is taken is not the agent for either party, but must act for all parties alike, being the officer of the court, and, when the deposition is regularly taken, it is for the use of either party, subject to its competency and relevancy. This rule is emphasized by our own statute, which provides (Section 11532, General Code):
 

 “The officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding.”
 

 See, also, 6 Ency. of Pleading and Practice, 632, and 4 Ency. of Evidence, 476.
 

 The petitioner claims, however, that his failure
 
 *201
 
 to perform Ms duty as notary does not affect the question, because of the fact that the original action had been dismissed without the deposition having been filed.
 

 It is true, in general, that when a case is dismissed it is ended, and the court has no jurisdiction to make an order therein affecting the rights of the parties. However, there are exceptions to this rule. One of these exceptions exists in the power of a court of record over its files, which power extends to the files of all cases which have ever been instituted therein, whether dismissed, disposed of, or pending; This power of the court is inherent and takes precedence even of the statutory power of a clerk over court records and files.
 
 Summers, Clerk,
 
 v.
 
 City of Louisville,
 
 140 Ky., 253, 130 S. W., 1101.
 

 Is the deposition in question to be considered an official document in the dismissed case? We think that it is. Since the deposition was complete, the failure to return it for filing lies entirely at the door of the notary, who, under our statutes is the officer charged with the specific duty of returning the deposition to the court. If he had performed his duty, the deposition would have been a physical part of the files in the original action. Whether filed or not, under the statute relative to depositions, the court was entitled to its custody. It was made a part of the records in the first action brought by Block when transcribed, signed, and completed. Hence it was part of the papers in that case to whose custody the court was entitled, and it became an official document subject to
 
 *202
 
 the order of the court, whether the case was dismissed or pending.
 

 There is an Ohio Court of Appeals case which holds that a deposition when taken, whether filed or not, becomes an official document under the control of the court, and may be used by either party according to its competency and relevancy.
 
 Currier
 
 v.
 
 City of Toledo,
 
 11 Ohio App., 50. In that case a deposition taken for use in a certain action, but never filed in the court of common pleas, was allowed to be used in the trial of a subsequent action dealing with the same subject-matter and between the same parties. This rule also was the ground for the holding in
 
 First National Bank
 
 v.
 
 Forest,
 
 (C. C.), 44 F., 246, in which the court held that an order should issue requiring that a deposition taken be filed in court. To the same effect are
 
 In re Rindskopf,
 
 (C. C.), 24 F., 542;
 
 Mott Iron Works
 
 v.
 
 Standard Mfg. Co.,
 
 (C. C.), 48 F., 345;
 
 Bennett
 
 v.
 
 Williams,
 
 57 Pa., 404. See, also, 18 C. J., 717, 718, and note 95;
 
 Carr
 
 v.
 
 Adams,
 
 70 N. H. 622, 45 A., 1084.
 

 When depositions are not filed by the party on whose behalf they were taken, the court may, on application of the opposite party, direct them to be filed.
 
 Lour
 
 v.
 
 Vandermark,
 
 4 Kulp., (Pa.), 425;
 
 Smith
 
 v.
 
 Austin,
 
 4 Brewst., (Pa.), 89.
 

 It is held that under circumstances, where the notary refuses to file the deposition, the regular procedure is for a rule to issue to bring before the court the persons who have the deposition, and, in case of their neglect to so return the same, to issue process for contempt.
 
 Barker
 
 v.
 
 Wilford,
 
 Kirby (Conn.), 232, at 235;
 
 Grant
 
 v.
 
 Davis, Adm’r.,
 
 
 *203
 
 5 Ind. App., 116, 31 N. E., 587;
 
 Howe, Ex’r.,
 
 v.
 
 Mutual Reserve Fund Life Ass’n.,
 
 115 Iowa, 285, 88 N. W., 338.
 

 In the
 
 Howe case
 
 an action had been begun against the defendant upon a life insurance policy. The controversy was adjusted and judgment entered and fully paid. Later a petition was presented to the court, in which it was averred that certain depositions taken on behalf of the defendant had been removed from the files by defendant’s attorneys, and prayed for an order to show cause why they should not be restored. Order to show cause was issued, and the defendant in its answer admitted the removal of the depositions, and averred that the depositions were taken for its own use, paid for by it, and were its property; that, though filed, they were not used as evidence; that the case had been finally disposed of and the estate in question settled. The defendants were ordered to restore the depositions to the files. Upon appeal, the court said (pages 287 and 288 [88
 
 N.
 
 W., 339]):
 

 “Nor is there any provision for the return of depositions to the party taking them upon the final disposition of the case or when not used. They continue a part of the files in the case and of the records of the court. * * * And, if one of the court records have been removed or files taken, it is quite as much within its authority to order their return. As said in
 
 Railway Co.
 
 v.
 
 Given,
 
 69 Iowa, 581, [29 N. W., 611]. ‘Of necessity, the court has the power to protect and preserve the records and papers in its custody from spoliation. To this end it may undoubtedly proceed at any
 
 *204
 
 time, with or without motion, whenever it has information that such paper has been removed, to order and direct that it be returned by any of its officers having the possession of such paper, or who may have removed it from the- files without leave of the court. The power of the court in this respect is not dependent on a notice, but exists independent of it. The court may, in the first instance, order the paper to be returned without previous notice to the person who has such a paper in his possession, or who has taken it from the files, and it is immaterial whether the paper was properly or improperly removed. It is sufficient for the court to know that some of its records or papers in its custody have been removed or taken without its consent.’ It is of the highest importance that court records and files be preserved. These often relate to the disposition of property, and always to the adjustment of rights more or less valuable, and contingencies are constantly arising, which could not have been anticipated by the acutest foresight, where their preservation is of the utmost value. That these depositions were removed by defendant’s attorneys is not denied. * * * The defense is not by way of excuse for not returning them to. the files, but an attempt to justify withholding therefrom. It is wholly untenable.”
 

 If, irrespective of the duty of the notary, and regardless of the fact that the court is specifically entitled to the custody of the deposition under the statute, the deposition cannot be filed because it was taken in a case which has been dismissed, then a deposition taken by the defend
 
 *205
 
 ants and in their possession, constituting the only evidence upon the vital features of this tort action, cannot be secured by the court which was created to <!o justice between the parties. This seems an unconscionable result. A suggested answer to this proposition in the instant case, of course, is that the deposition has been ordered to be filed, not only in the first case, but in the second, which is pending at the present time, so that the order to file the deposition has been made in a case admittedly pending. However, we see no distinction in the cases. If the completed deposition belongs in the custody of the court as a part of the court files, it can be ordered into the custody of the court, both in the dismissed case, in which it was taken, and in the pending case between the same parties upon the same subject-matter.
 

 If some one were to abstract a paper from the files of a case which had been instituted in a court of record and then dismissed, the court could order those files returned to its custody. It would have inherent power to take this action by virtue of its control of its own records.
 

 We fail to see any distinction between this supposed situation and the situation presented herein. We have here a completed deposition, requiring only action by the notary to make it a part of the files of the court. Having waived all questions as to fees, the notary is required to file the deposition, and under certain circumstances could probably be forced by mandamus to file it. To hold that an officer of the court, when no blame whatever attaches to the plaintiff, is able by his dereliction of duty to prevent a document actually existing, to
 
 *206
 
 which the court is entitled, from going into its custody, is to make the court powerless indeed.
 

 From this view of the situation, looking, at the deposition as a court document subject to the control and custody of the court itself, it was not error for the superior court to order the notary to file the deposition, to hold him in contempt for refusal to file the same, and to order him committed to jail until compliance with the order. Not being unlawfully restrained of his liberty, the petitioner has no standing in his petition for a writ of habeas corpus, and the judgment of the Court of Appeals must be affirmed.
 

 We make no holding upon the competency and relevancy of the deposition when it is introduced in evidence upon the trial of the pending action.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias and Kinkade, JJ., concur.