EINSTEIN, PLAINTIFF, *v.* FRIEDMAN, DEFENDANT.

Common Pleas Court, Cuyahoga County.

No. 734269.

*Mr. A. L. Kearns* and *Mr. Walter L. Greene*, for plaintiff.
*Messrs. McNeal & Schick*, for defendant.

Cleveland Academy of Trial Attorneys; Cuyahoga County Bar Association; National Shorthand Reporters Association and Ohio Shorthand Reporters Association, amicus curiae.

DANACEAU, J. The Notary Public has requested instructions of this Court as follows:

"The undersigned, Norman Stern, a duly commissioned, qualified and acting Notary Public in and for the State of Ohio, as grounds for the request hereinafter made, says that on the 13th day of May, 1960, a notice to take the deposition of Louis J. Einstein, the plaintiff herein, was duly served upon Walter L. Greene, Attorney for said Plaintiff, as appears by the original of said notice to take depositions, hereto attached as Exhibit A.

"That on the 6th day of May, 1960, a subpoena was duly served upon the said Louis J. Einstein, the Plaintiff herein, to

appear as a witness and testify at the offices of McNeal & Schick, 520 Williamson Building, Cleveland, Ohio, at 10:30 o'clock, a. m., on Friday, May 13, 1960, a copy of which subpoena is attached hereto as Exhibit B.

"That pursuant to agreement of counsel, the date and time for taking said deposition was continued to Thursday, May 19, 1960, at which time the said Louis J. Einstein appeared, with his counsel, Walter L. Greene, for the taking of said deposition.

"That after the said Louis J. Einstein was by me first duly sworn as a witness to testify the truth, the whole truth, and nothing but the truth, the following proceedings were had:

"MR. GREENE: Let the record show that I have with me a wire recorder which I had intended to use for the purpose of making a record of this deposition for our own uses and purposes, and we are prepared to go forward with this deposition on that basis.

"MR. ARCHIBALD: Let the record show that I am objecting to the use of this recorder because there is no provision for it in the statute, and I don't think it is authorized, and I am not going forward with this deposition unless Mr. Greene agrees not to use the wire recorder that he has brought over.

"MR. GREENE: I won't agree not to use it.

"MR. ARCHIBALD: Would you request, Mr. Notary, that Mr. Greene not use the wire recorder.

"THE NOTARY: You are so instructed, Mr. Greene.

"MR. GREENE: You are instructing me not to use it?

"MR. ARCHIBALD: Yes.

"MR. GREENE: Well, we are going to use it.

"MR. ARCHIBALD: Well, we will certify that, then.

---

"Thereupon counsel for the Defendant requested and ordered the undersigned Notary Public to refer to the Court of Common Pleas this matter for decision.

"Therefore, the Notary Public, pursuant to the request of counsel for the Defendant, and by virtue of the statutes pertaining to the taking of depositions, as provided for in the Revised Code of the State of Ohio, respectfully requests this

Honorable Court to instruct the parties and attorneys to proceed with the taking of said deposition without the use of electronic sound recording equipment by the attorney for the Plaintiff."

The deposition being taken before the notary public pertains to a judicial proceeding pending in this court and is authorized by the Statutes of Ohio.

It is said in 17 Ohio Jurisprudence (2d), 249,

"The Code defines a 'deposition' as a written declaration under oath, made upon notice to the adverse party. Usually, a deposition hearing is an orderly proceeding under the supervision and control of a notary public, though it may be before officials specifically authorized by statute in such respect or before a special commission.

"Depositions 'de bene esse' are those taken provisionally in the pending action. They are not considered as introduced in evidence at the time of taking, but are intended to be introduced at the trial held subsequently thereto, in the event the personal attendance of the witness, for oral examination, cannot then be secured."

The introductory paragraph on the subject of depositions in 16 American Jurisprudence, 699, reads:

"The term 'deposition' is sometimes used in a broad sense to describe any written statement verified by oath; but in its more technical and appropriate sense, the meaning of the word is limited to the written testimony of a witness given in the course of a judicial proceeding, either at law or in equity, in advance of the trial or hearing upon oral examination, or in response to written interrogatories and where an opportunity is given for cross-examination. A deposition, in legal usage is distinguished from an affidavit in that the latter is an ex parte statement drawn up in writing without any formal interrogation."

A notary public before whom depositions are taken is not an employee or agent of the party at whose instance the proceeding was initiated. The notary should be a disinterested person and must act for all parties alike, being an officer of the court (Section 2319.13, Revised Code). *Ex Parte Thayer*, 114 Ohio St., 194.

It is the duty of the supervising official (notary public in this case) to preserve order, dignity, and decorum at the taking of a deposition, and to maintain, as nearly as possible, an atmosphere that bespeaks the responsibilities with which he is charged. As far as practicable and possible the rules of court room conduct should govern the proceedings and the officer in charge should exercise such general supervision over the proceedings as will tend to elicit the truth in a legal and proper manner.

It is apparent that the notary has provided for the taking of stenographic notes in order that the deposition may be reduced to writing as required by statute. It appears that the attorney for the plaintiff insisted upon using a wire recorder for the purpose of making a record of the deposition for his own uses and purposes, to which counsel for the defendant objected.

If counsel for the plaintiff may use electric sound recording equipment in the taking of said deposition for his own use and purposes, a like privilege must be accorded to every other party or person present. Such sound records would not be under the control of the Court, could be easily reproduced, and may result in broadcast of the proceedings on deposition.

By rule of the Supreme Court of our state the courts of Ohio cannot allow judicial proceedings to be broadcast, and any step taken in that direction cannot be permitted. The bases for the rule against the broadcast of judicial proceedings in a court room also apply to judicial proceedings on deposition wherever held. For the same reasons the use of sound recording equipment should not be permitted at a "deposition."

Accordingly this Court instructs the parties and witness to proceed with the taking of said deposition without the use of mechanical or electronic sound recording equipment by the attorney for plaintiff or by anyone else.

The Court further instructs the notary public that should counsel for the plaintiff desire to have stenographic notes taken by a person of his own choosing, for his own use and purpose, and at his own expense, apart from the notes being taken at the instance of the notary public, he may do so.

Other issues raised in the various briefs are not relevant and are therefore not here considered.