## HOUSTON *v.* WILLIAMS *et al.*

THE Legislature cannot require the Supreme Court to give the reasons of its decisions in writing. The constitutional duty of the Court is discharged by the rendition of its decisions.

The practice of giving the reasons in writing for judgments is of modern origin. And it is discretionary with the Court whether it give an opinion upon pronouncing judgment; and if given, whether it be oral or in writing.

A decision of the Court is its judgment, the opinion is the reasons given for that judgment. The former being entered of record immediately, can only be changed upon a petition for rehearing or a modification. The latter is the property of the Judges, subject to their revision, correction, and modification, until it is transcribed on the record with the consent of the writer, when it ceases to be the subject of change, except through regular proceedings before the Court by petition.

The records of Courts are under the control of the Judges so far as essential to the proper administration of justice, and this control is beyond the reach of legislation.

The Clerk of a Court, though a constitutional officer, is subject to its orders in the control of the records. The Court cannot, without great abuse of its powers, take from the Clerk, in any way, the perquisites of his office for copies of opinions and papers on file.

APPEAL from the Third District.

This was an action of ejectment. The defendant recovered judgment in the District Court. On appeal, the judgment was reversed by the Supreme Court from the bench—no opinion in writing being delivered. The reasons for the decision were stated orally. The counsel for the plaintiff afterwards presented a petition asking the Court to file a written opinion.

*Wm. T. Wallace,* for Petitioner.

*Spencer & Rhodes,* for Respondent.

FIELD, J. delivered the opinion of the Court—TERRY, C. J. concurring.

At the present term the judgment in this case was reversed, without any opinion being given setting forth the reasons for the

reversal.   The Appellant now moves the Court to file an opinion, and cites Section 69 of the statute of May 15th, 1854, amending the Practice Act, which provides that " all decisions given upon an appeal in any Appellate Court of this State, shall be given in writing, with the reason therefor, and filed with the Clerk of the Court," except in cases tried in the County Court, on appeal from a Justice's Court.

The provisions of the statute had not been overlooked when the decision was rendered.   It is but one of many provisions embodied in different statutes by which control over the Judiciary Department of the government has been attempted by legislation.   To accede to it any obligatory force, would be to sanction a most palpable encroachment upon the independence of this department.   If the power of the Legislature to prescribe the mode and manner in which the Judiciary shall discharge their official duties be once recognized, there will be no limit to the dependence of the latter.   If the Legislature can require the reasons of our decisions to be stated in writing, it can forbid their statement in writing, and enforce their oral announcement, or prescribe the paper upon which they shall be written, and the ink which shall be used.   And yet no sane man will justify any such absurd pretension, but where is the limit to this power if its exercise in any particular be admitted ?

The truth is, no such power can exist in the Legislative Department, or be sanctioned by any Court which has the least respect for its own dignity and independence.   In its own sphere of duties, this Court cannot be trammeled by any legislative restrictions.   Its constitutional duty is discharged by the rendition of decisions.   The Legislature can no more require this Court to state the reasons of its decisions, than this Court can require, for the validity of the statutes, that the Legislature shall accompany them with the reasons for their enactment.   The principles of law settled, are to be extracted from the records of the cases in which the decisions are rendered.   The reports are full of adjudged cases, in which opinions were never delivered.   The facts are stated by the Reporter, with the points arising thereon, and are followed by the judgments rendered, and yet no one ever doubted that the Courts, in the instances mentioned, were discharging their entire constitutional obligations.   (See, by way

of illustration, Cases in 1 Day's Conn. Reports; in 1 Brockenborough's Va. Cases; and in 4 Harris & McHenry's Maryland Reports.)

The practice of giving the reasons in writing for judgments, has grown into use in modern times. Formerly, the reasons, if any were given, were generally stated orally by the Judges, and taken down by the Reporters in short hand. (1 Blackstone, 71.)

In the judicial records of the King's Courts, " the reasons or causes of the judgment," says Lord Coke, " are not expressed, for wise and learned men do, before they judge, labor to reach to the depth of all the reasons of the case in question, but in their judgments express not any; and, in truth, if Judges should set down the reasons and causes of their judgments within every record, that immense labor should withdraw them from the necessary services of the commonwealth, and their records should grow to be like *Elephantini Libri, of infinite length, and, in mine opinion, lose somewhat of their present authority and reverence;* and this is also worthy for learned and grave men to imitate." (Coke's Rep. Part 3, Pref. 5.)

The opinions of the Judges, setting forth their reasons for their judgments, are, of course, of great importance in the information they impart as to the principles of law which govern the Court, and should guide litigants; and right-minded Judges, in important cases—when the pressure of other business will permit—will give such opinions. It is not every case, however, which will justify the expenditure of time necessary to write an opinion. Many cases involve no new principles, and are appealed only for delay. It can serve no purpose of public good to repeat elementary principles of law which have never been questioned for centuries. The Court must therefore exercise its own discretion as to the necessity of giving an opinion upon pronouncing judgment, and if one is given, whether it shall be orally or in writing. In the exercise of that discretion, the authority of the Court is absolute. The legislative department is incompetent to touch it.

With the expression of these views, we might close this opinion, by denying the motion, but it will not be impertinent to the matter under consideration, to say a few words as to the control of the Court over its opinions and records. There are some mis-

apprehensions on the subject, arising chiefly from a confusion of terms, and from a misconception of the relation of the different departments of Government to each other, and the entire independence in its line of duties of the Judiciary.    The terms " opinions " and " decisions," are often confounded, yet there is a wide difference between them, and in ignorance of this, or by overlooking it, what has been a mere revision of an opinion, has been sometimes regarded as a mutilation of a record.    A decision of the Court is its judgment, the opinion is the reasons given for that judgment.    The former is entered of record immediately upon its rendition, and can only be changed through a regular application to the Court, upon a petition for a re-hearing, or a modification.    The latter is the property of the Judges, subject to their revision, correction, and modification, in any particular deemed advisable, until, with the approbation of the writer, it is transcribed in the records.    In the haste of composition, some errors will occur; in the copying, several; in the printing, many. There will also be at times, expressions of opinion on incidental questions, too strong and unqualified.    All these errors, whether in language, form, or substance, should be corrected before a publication is permitted, as an authoritative exposition of the law, and, as such, binding upon the Court.    The power of enforcing a correct publication, when the publication is authorized, cannot reasonably be denied.    In no civilized State, except in California, has the existence of this power ever been doubted. Every Judge, from the Chief Justice of the Supreme Court of the United States, down, claim and exercise, without question, the right of revision, including thereby modification and partial suppression of his opinions.    In the recent case in relation to the Sutter grant, we are informed that application was made for a copy of the opinion delivered, and that the application was refused, on the ground that Mr. Justice Campbell, who delivered it, wished to revise it before it left the Clerk's office.    When the opinions have been revised and finally approved and recorded, then they cease to be the subject of change.    They then become like judgment records, and are beyond the interference of the Judges, except through regular proceedings before the Court by petition.

The records of the Courts are necessarily subject to the con-

trol of the Judges, so far as may be essential to the proper administration of justice. The Court hears arguments upon its records; it decides upon its records; it acts by its records; its openings, and sessions, and adjournments, can be proved only by its records; its judgments can only be evidenced by its records; in a word, without its records it has no vitality. Legislation, which could take from its control its records, would leave it impotent for good, and the just object of ridicule and contempt. The Clerk, it is true, is a constitutional officer—not subject to appointment or removal by the Court—but subject, in the control of the records, to its orders. It is true the Court cannot, without great abuse of its powers, take, directly or indirectly, from the Clerk, the perquisites of his office for copies of opinions, and papers on file, nor authorize the destruction or mutilation of any of the records, but, subject to these limitations, it must necessarily exercise control that justice may be done to litigants before it.

The power over our opinions and the records of our Court we shall exercise at all times while we have the honor to sit on the Bench, against all encroachments from any source, but in a manner, we trust, befitting the highest tribunal in the State. We cannot possibly have any interest in the opinions except that they shall embody the results of our most mature deliberation, and be presented to the public in an authentic form, after they have been subjected to the most careful revision.

Motion denied.