STATE EX REL. LOTT, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 2,255.)

(Submitted December 16, 1905. Decided January 3, 1906.)

*Mandamus—Justices of the Peace—Ejectment—Unlawful Detainer—Jurisdiction—Certifying Case to District Court.*

Justices of the Peace—Ejectment—Jurisdiction—Certifying Case to District Court —*Mandamus.*
   1. A complaint filed in a justice of the peace court, if stating a cause of action in ejectment, does not give the justice jurisdiction for any purpose, so that he cannot confer jurisdiction on the district court by certifying the case to it; and the latter court cannot be compelled by *mandamus* to hear and determine it.

Same—Unlawful Detainer—Certifying Case to District Court—*Mandamus.*
   2. If the question of title to real estate may be raised in an action in unlawful detainer, a justice of the peace cannot certify the cause to the district court without the bond required by Code of Civil Procedure, section 1486, having been filed, and where no such bond was furnished, the district court cannot be compelled by *mandamus* to hear and determine the cause.

Same—Unlawful Detainer—Certifying Case to District Court—*Mandamus.*
   3. If the question of title may not be raised in an action in unlawful detainer, all allegations respecting it in the pleadings are sur-

plusage, and the justice of the peace court has jurisdiction to hear the cause, of which jurisdiction it cannot devest itself by certifying the cause to the district court (Code of Civil Procedure, section 1486); and *mandamus* will not lie to compel the latter court to hear and determine the case so certified to it.

ORIGINAL application for writ of *mandamus* by the state, on the relation of M. H. Lott, against the district court of the fifth judicial district, in and for the county of Madison, and Lew. L. Callaway, judge thereof.   Proceedings dismissed.

*Mr. E. B. Howell,* and *Mr. Geo. R. Allen,* for Relator.

*Mr. M. M. Duncan,* and *Mr. W. A. Clark,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On July 21, 1905, an action was commenced in a justice of the peace court of Madison county by this relator against Mrs. D. A. Pease and another.   The complaint alleges that at all times therein mentioned the plaintiff was the owner in fee simple of certain real estate, which is particularly described; that in November, 1903, plaintiff let the premises to D. A. Pease under a tenancy at will; that D. A. Pease afterward died and defendants are his sole heirs; that D. A. Pease and, after his death, the defendants, continued to occupy the premises under said tenancy; that on June 16, 1905, plaintiff terminated such tenancy by giving the notice required by law, and demanded that defendants vacate and surrender the premises; but this the defendants have failed and refused to do, to plaintiff's damage in the sum of $200.   The prayer is for the restitution of the property and for $200 damages, which it is asked to have trebled in the judgment.

The defendants by answer deny that the relation of landlord and tenant ever existed between plaintiff and defendants; deny that plaintiff has any title or right of possession to the property; plead the bar of the statute of limitations; set up affirmatively title in themselves to the land in controversy; and ask that the cause be certified to the district court, as the de-

termination of the title to real estate is necessarily involved. There was not any bond given as required by section 1486 of the Code of Civil Procedure.

A change of venue was taken to another justice of the peace court, and by agreement of the parties, the cause was certified to the district court, where the plaintiff paid the filing fee and moved the district court to strike out the defendants' answer, and for judgment. This motion was overruled, and the district court thereupon declined to proceed further with the case and remanded it to the justice of the peace court, there to be proceeded with according to law. The relator thereupon made application to this court for a writ of mandate to compel the district court to set aside its order and proceed to hear and determine the case. An alternative writ with an order to show cause was issued, and upon return the respondent court and judge moved to quash the alternative writ and to annul the order to show cause.

Numerous questions were suggested upon oral argument and are presented in the briefs of respective counsel, which need not be considered; for, upon any theory of the case presented, *mandamus* will not lie.

1. If the complaint filed in the justice of the peace court be considered as stating a cause of action in ejectment, as held by the court of appeal of California in *Hayden* v. *Collins*, 1 Cal. App. 259, 81 Pac. 1120, then the justice of the peace court never acquired jurisdiction for any purpose, and could not confer jurisdiction upon the district court by certifying the case to that court.

2. Assuming that the complaint states a cause of action in unlawful detainer, then, (a) if the question of title to real estate may be raised in such an action, it is sufficient to say that the bond, required by section 1486 of the Code of Civil Procedure, was not given, and without it the justice of the peace could not certify the case to the district court (12 Ency. of Pl. & Pr. 687, and cases cited) ; or, (b) if the question of title to real estate may not be raised in an action in unlawful detainer,

then all these allegations respecting title, as set forth in the complaint and answer, are surplusage and the action is simply one in unlawful detainer, of which the justice of the peace court had jurisdiction, and, having jurisdiction, could not divest itself thereof by certifying the case to the district court; for the only provision of law authorizing a case to be certified to the district court is section 1486 above, and that refers only to a case where the title to real estate may properly be put in issue by the answer. In any view of the case, the district court did not owe any duty to hear or determine this case and cannot be coerced by *mandamus.*

The order to show cause is annulled, the alternative writ is quashed, and the proceedings are dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.