STATE EX REL. LA FRANCE COPPER CO., RELATOR, v.
DISTRICT COURT ET AL., RESPONDENTS.

(No. 2,815.)

(Submitted December 14, 1909.   Decided December 24, 1909.)

[105 Pac. 721.]

*Appeal—New Trial—Dismissal—Power of Supreme Court—*
*Nonsuit—Remand to District Court—Disposition of Cause—*
*Mandamus—Discretion.*

Supreme Court—New Trial—Statutory Provisions.
    1.· The provision of section 6253, Revised Codes, that the supreme
    court, in granting a new trial, must in its decision "pass upon and
    determine all the questions of law involved in the case, presented upon
    such appeal, and necessary to the final determination of the case," is
    not binding upon that court.

Appeal—Nonsuit—How Order Reviewable.
    2.   The question presented on a motion for nonsuit is one of law,
    and an adverse ruling thereon may be reviewed on appeal from the
    judgment as well as on appeal from an order denying a new trial.

Nonsuit—Dismissal by Supreme Court—When.
    3.   Where plaintiff has had one fair opportunity to make out his cause
    of action, but failed to introduce evidence of a fact material to re-
    covery, and his case is not supplemented by defendant, so that non-
    suit should have been granted, the supreme court on appeal will
    dismiss the cause with a view to putting an end to litigation.

Same—Remand to District Court—New Trial—Dismissal—Discretion.
    4.   Where the supreme court had reversed a judgment in favor of
    plaintiff because he had failed to prove a fact essential to recovery,
    and remanded the cause without specific direction either to retry or
    dismiss it, the district court was vested with a legal discretion to
    take such action, not inconsistent with the order made, as seemed
    wise and proper under the circumstances.

Same—*Mandamus*—Discretion.
    5.   Since *mandamus* will not issue unless relator shows a clear, legal
    right to have a particular act or duty performed by defendant, and
    the right to exercise discretion is inconsistent with absolute duty, the
    district court may not be coerced by writ of mandate to dismiss a
    cause under the circumstances set forth in paragraph 4 above.

MANDAMUS by the state, on the relation of the La France
Copper Company, against the District Court of the Second
Judicial District of Silver Bow County and the judge thereof
to compel such court and judge to dismiss an action, or show
cause why it should not be dismissed.   Demurrer to the petition
sustained, and proceedings dismissed.

*Mr. Chas. R. Leonard,* and *Messrs. Gunn & Rasch,* submitted a brief in behalf of Relator. *Mr. M. S. Gunn* argued the cause orally.

In behalf of Respondents there was a brief by *Messrs. Breen & Hogevoll,* and oral argument by *Mr. S. T. Hogevoll.*

MR. JUSTICE SMITH delivered the opinion of the court.

At some time during the year 1908 an action was begun in the district court of Silver Bow county by Sadie A. Monson, as administratrix of the estate of John Monson, deceased, against the La France Copper Company, the above-named relator, to recover damages on account of the death of John Monson, her husband, while in the employ of the relator as a pumpman. At the close of plaintiff's case, the defendant interposed a motion for a nonsuit, on the ground, among others, that the evidence did not show what was the cause of Monson's death. This motion was denied. The plaintiff had verdict and judgment. The defendant made a motion for a new trial, which was overruled, whereupon it appealed to this court from the judgment and order. (See *Monson* v. *La France Copper Co.,* 39 Mont. 50, 101 Pac. 243.) This court on appeal considered but one question, viz., whether the motion for a nonsuit should have been granted. It was held that it should have been, for the reason that the plaintiff's evidence failed to show how deceased came to his death. The conclusion and mandate of this court were expressed as follows: "The court [below] was in error in denying the motion for a nonsuit. This conclusion renders it unnecessary to consider other grounds of the motion or alleged errors based upon the refusal of the court to submit certain instructions. The judgment and order are reversed." Upon the *remittitur* being filed in the district court of Silver Bow county, the cause was again set for trial, whereupon the relator objected to a retrial, and moved the court for a judgment "dismissing said action in compliance with the mandate of the supreme court." The objection and motion were overruled, and the relator thereupon sued out of this court an alternative writ.

of mandate requiring the district court and the Honorable John B. McClernan, a judge thereof, to either dismiss said action or show cause why it should not be dismissed. The respondents have filed a general demurrer to the petition. The matter has been argued, and submitted for decision.

The question presented is somewhat difficult of solution. Section 6253, Revised Codes, reads, in part, as follows: "The supreme court may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had. The decision of the court must be given in writing, and a syllabus thereof must be prepared by the court and filed with the opinion; and in giving its decision, if a new trial be granted, the court must pass upon and determine all the questions of law involved in the case, presented upon such appeal, and necessary to the final determination of the case." It is argued for the relator that, as no new trial was ordered, it is apparent that this court did not contemplate that another trial should be had, for otherwise it would have passed upon and determined all questions of law involved in the case. The truth is, however, that this court was of opinion, and properly so, that there was no necessity for, or propriety in, determining other questions of law involved in a record which disclosed that the plaintiff had, as a matter of law, failed to make out a case sufficient to go to the jury, because, of necessity, in case of a retrial the record would not be the same, and different questions must necessarily arise. We confess, also, that we assumed that the plaintiff had, as she should have done, introduced all of the evidence which she could procure, and that a failure to prove so vital a matter as the cause of her husband's death was due to inability to do so, rather than neglect to offer evidence which it was in her power to produce. Any other conclusion would be a reflection upon counsel, which we should be loath to indulge.

While it has been customary to dispose of cases substantially as indicated in section 6253, *supra,* the latter portion of that provision of the code is not binding upon this court. "The

legislature can no more require this court to state the reasons of its decisions than this court can require, for the validity of the statutes, that the legislature shall accompany them with the reasons for their enactment." (Field, J., in *Houston* v. *Williams*, 13 Cal. 24, 73 Am. Dec. 565.)

Again, it is urged by counsel for the relator that if the lower court had either sustained the motion for a nonsuit or directed a verdict for the defendant, as it should have done, the judgment would have been affirmed by this court, and such affirmance would have ended the case. There is considerable force in this suggestion, but it does not necessarily solve the problem. There can be no doubt that the question presented on a motion for a nonsuit is one of law (*Emerson* v. *Eldorado Ditch Co.*, 18 Mont. 247, 44 Pac. 969), and the ruling of the court may be reviewed on appeal from the judgment as well as upon appeal from an order denying a new trial. We think, however, that this court, in determining whether dismissal of a case should be ordered, under circumstances similar to those disclosed here, ought not to be influenced by the fact that the defendant has also appealed from an order refusing to grant a new trial. We are of opinion, however, that the court below may properly take that fact into consideration in cases which have been reversed and remanded without specific directions as to a retrial.

Another argument advanced by the relator is that it ought not to suffer prejudice on account of the erroneous action of the trial court in refusing to grant its motions; and there can be no doubt that in theory this is true, especially as regards its motion for a directed verdict. But this court is not always able to determine from the record whether a defendant has suffered a real prejudice because of the fact that his motion for nonsuit has been overruled. His evidence may have cured the defects in that of the plaintiff. (See *Yergy* v. *Helena Light & Ry. Co.*, 39 Mont. 213, 102 Pac. 310; *T. C. Power & Bro.* v. *Stocking*, 26 Mont. 478, 68 Pac. 857; *Alderson* v. *Marshall*, 7 Mont. 288, 16 Pac. 576.) On appeal from a judgment, supplemented by a bill of exceptions incorporating only the plaintiff's

case, this court would hesitate to say that a final disposition of the cause would be proper. Of course, if the plaintiff's case shows affirmatively and conclusively that he has no cause of action, final disposition may be made by the trial court or by this court; as, for example, if the plaintiff confesses that some essential precedent condition has not been performed by him. The case of *Roach* v. *Rutter, ante,* p. 167, is illustrative of a situation where the plaintiff might have been properly and permanently nonsuited if his own testimony had clearly disclosed the fact that he was in the employ of some one other than the defendant. But, where the defect in the plaintiff's case consists merely in an omission to prove an allegation which may or may not be susceptible of proof, the case is altogether different. We conclude, therefore, that no general rule may be laid down to determine when this court will, upon deciding that a plaintiff should have been nonsuited, order his action to be dismissed. This court undoubtedly has the power, in all proper cases, to make such an order; and in future the authority will be exercised, with a view to putting an end to litigation, when the parties have had one fair opportunity to try the issue between them. A superficial examination of the reports of the decisions of this court leads to the conclusion that heretofore the practice has been to afford the parties an opportunity to retry all reversed causes at law. We, however, believe that the practice should be modified in this regard. No reason occurs to us why a plaintiff, having had one fair opportunity to make out his cause of action, should be accorded the privilege, after the defects in his case have been pointed out by this court, of supplying the deficiency by evidence which presumptively was not in existence when the first trial was had. These remarks have no reference to the case of Monson against the relator, but are merely made by way of argument. Since by virtue of the provisions of sections 6792 and 7118, Revised Codes, the exceptions of both parties may now be incorporated in the record, the party prevailing in the court below is always in a position to inform this court that he has not been permitted to introduce all of his evidence, and he may not complain, if he neglects to

bring the fact to our attention, that the court presumed that
no competent evidence was rejected.

When a judgment for the plaintiff is reversed for error in re-
fusing to direct a verdict for the defendant, after the former
has had full opportunity to introduce all of his evidence, and
it appears that his case is not supplemented by the defendant,
we apprehend that, even in actions at law, the instances must
be rare in which this court will hereafter feel justified in refus-
ing to make a final disposition of the cause. And, on like prin-
ciple, the court will not hesitate to order a judgment for the
plaintiff when the defendant's case, as made in the court below,
no prejudicial error having been committed against him, shows
that he has no defense to the action.

We have taken the opportunity to comment thus at length
upon the matters presented by the petition of the relator, for
the reason that we believe the time has come when this court
should exercise its undoubted authority to take the initiative
in disposing of litigation as expeditiously as possible, and with
the least expense to suitors. So far as we are advised, the point
has never before been squarely raised and argued in this state.

The relator asks for a writ of mandate to compel the respond-
ents to dismiss the action against it, but its prayer cannot be
granted, for this obvious reason: As no specific direction either
to retry or to dismiss was contained in the mandate of this
court, the district court was vested with a legal discretion to
take such action, not inconsistent with the order of this court,
as seemed wise and proper under the circumstances. (3 Cyc.
481.) In view of the practice heretofore followed, we find no
abuse of discretion. To warrant the issuance of *mandamus,*
the relator must show a clear, legal right to have a particular
act or duty performed by the defendant. (*State ex rel. Breen*
v. *Toole, Governor,* 32 Mont. 4, 79 Pac. 403.) The right to ex-
ercise discretion is inconsistent with the idea of absolute duty.
The district court did not, therefore, owe any duty to dismiss
the action against the relator, and cannot be coerced by *man-
damus.* (*State ex rel. Lott* v. *District Court,* 33 Mont. 356,
83 Pac. 597.) We prefer to base our decision upon the ground

just mentioned, although it was directly held by the supreme court of California in *Steen* v. *Hendy*, 107 Cal. 54, 40 Pac. 386, a case apparently identical with this, that the effect of an unqualified reversal is to remand the cause for a new trial.

The demurrer to the petition is sustained, and, the matter having been submitted for final determination, it is ordered that the proceedings be, and they are hereby, dismissed.

*Dismissed.*

Mr. CHIEF JUSTICE BRANTLY and Mr. JUSTICE HOLLOWAY concur.