## Summers, Clerk v. City of Louisville, et al.

(Decided October 13, 1910.)

### Appeal from Jefferson Circuit Court
### (Chancery Branch, Second Division).

1. Court Records—Custodian—Clerk—Authority of Court.—The clerk of a court holds its records as the custodian of the court, and the court can require its records brought to the courtroom or to the judge of the court or to the office of its master commissioner, or to be withdrawn from the clerk's office by the city attorney in tax cases.

2. Same.—The provision of section 372, Ky. St., that the clerk shall carefully preserve all books and papers coming to his hands, was not intended to interfere with the power of the court over its own records.

TYLER BARNETT for appellants.

JOS. S. LAWTON and CLAYTON B. BLAKEY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Louis Summers is the clerk of the Jefferson circuit court. There was a suit pending in the court, of the city of Louisville v. C. N. Keys, et al., No. 56404, in which the city sought to recover of the defendant certain taxes. The city attorney wished to take the papers of the case to his office to make a settlement with the defendants. The clerk refused to allow him to have the papers. Thereupon he obtained from the court a rule on the clerk to show cause why he refused to allow the city attorney to withdraw the papers of the action from his office. The clerk filed a response, which the court held insufficient, and he declining to plead further, the court made the rule absolute, and ordered the clerk to permit the city attorney to withdraw the papers. From this order the clerk appeals.

Section 1039, Ky. Stats., which is applicable to the Jefferson circuit court, provides:

"The said court shall, in general term, make rules of said court, and shall have power, from time to time, to change said rules. Said rules shall be binding on each branch of said court until changed in general term."

Rule 29 of the court, made pursuant to the statute, is as follows:

"No papers shall be taken from the clerk's office except:

"1. To the court room or to a judge of the court for the purpose of hearing a cause; or

"2. To the office of commissioner of the court; or

"3. To an official stenographic reporter of the court for the purpose of taking depositions; or

"4. In pursuance of some statute authorizing or requiring such removal; or

"5. In obedience to legal process; or

"6. To the city attorney of the city of Louisville in tax cases in which the city of Louisville is plaintiff (not cross plaintiff), provided that such papers shall be returned to the clerk's office at the request of the clerk, and in any event not later than noon on the Friday following their withdrawal. The clerk shall take the receipt of the member of the city attorney's office to whom the papers are delivered, and shall cancel the receipt when they are returned."

The sum of the clerk's contention is that the rule is invalid, for the reason that he is the custodian of the records, and is required to take oath that he will carefully preserve in his office all books and papers coming to

his hands by virtue of his office. (Section 372, Ky. Stats.) But the records in the hands of the clerk are the records of the court. He holds them simply as the custodian for the court. The court can require its own records brought to the court room or to a judge of the court or to the office of its commissioner. So much of the rule is practically conceded to be valid. But the validity of this part of the rule does not rest on the necessity of the case, but on the power of the court over its records. The provision of the statute that the clerk shall carefully preserve all books and papers coming to his hands, was not intended to interfere with the power of the court over its own records; and means that he is to carefully preserve the records while in his custody. He is not responsible for the records when the court takes charge of them. The rule is simply a determination by the court as to its own records. It is not an unreasonable rule. There are a great many tax cases. It is to the interest of the public that they should be settled, and it is often necessary to have the original bills. The city attorney is an officer of the city, and it is of prime importance to the city that its revenue should be promptly collected. If the rule is abused by the city attorney, the clerk's remedy is by rule against him in the circuit court; and the court itself can change the rule at any time when found necessary in the administration of justice; but the clerk, like other officers of the court, must obey its rules.

Judgment affirmed.