STATE EX REL. AMERICAN S. & R. CO., ET AL., RELATORS, *v.*
DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,263.)

(Submitted November 23, 1912.   Decided November 30, 1912.)

[128 Pac. 583.]

*Dismissal of Action on Appeal—Duty of District Court—Mandamus.*

> 1.   On appeal in a personal injury action the cause was remanded with direction to dismiss the action. The district court did so, but did not enter a final judgment of dismissal. A new action between the same parties and on the same cause of action was thereupon commenced in the same court. Defendant's motion to dismiss such action was denied. *Held,* on application for writ of mandate, under the rule that where plaintiff has had one fair opportunity to make out his cause of action, after a full investigation of the issues framed, and failed, the supreme court will, on appeal, order the cause dismissed, that the trial court erred in refusing to dismiss the second action, and peremptory writ issued ordering dismissal.
>
> MR. CHIEF JUSTICE BRANTLY dissenting.

Original application for writ of mandate, by the American Smelting and Refining Company and another, to compel the district court of Lewis and Clark county, and J. Miller Smith, one of its judges, to dismiss an action.   Writ issued.

*Messrs. Day & Mapes,* and *Messrs. Wight & Pew,* for Relators, submitted a brief; *Mr. E. C. Day* and *Mr. Ira T. Wight* argued the cause orally.

*Messrs. Galen & Mettler,* and *Mr. W. H. Poorman,* for Respondents, submitted a brief; *Mr. Mettler* and *Mr. Poorman* argued the cause orally..

The petition for a writ of *mandamus* must show a clear right to the relief sought by the relator.   (*State* v. *Court,* 29 Mont. 272, 74 Pac.. 501.)   The power cannot be exercised to control a judgment of the lower court.   (*State* v. *Court,* 40 Mont. 17, 104 Pac. 872; *State* v. *Rotwitt,* 15 Mont. 29, 37 Pac. 845; 26 .Cyc. 158 note 99.)   A decision of the trial court that a complaint in a suit does not state a cause of action, being a determination upon an issue of law arising in the case, will not be corrected by *man-*

*damus.* (*State* v. *District Court,* 27 Mont. 280, 70 Pac. 981.) As a general rule, the action of the court with regard to dismissing an action is judicial and not ministerial, and will not be reviewed by *mandamus.* (26 Cyc. 206, note 99.) *Mandamus* to enter a judgment will not issue where its effect would be to review or control the judicial discretion of the inferior court. (26 Cyc. 210, note 36; *People* v. *Court,* 114 Cal. 466, 46 Pac. 383; *Broder* v. *Court,* 103 Cal. 121, 37 Pac. 143; *Tibbetts* v. *Campbell* (Cal.), 27 Pac. 531; *People* v. *Sexton,* 37 Cal. 532; *People* v. *Pratt,* 28 Cal. 166, 87 Am. Dec. 110.)

The defendants have an adequate remedy by appeal. No judgment has as yet been rendered against them, and even though they should be compelled to go to trial, it cannot be assumed that they will be unsuccessful in the suit. If successful, they will recover their costs, and this is the most that any defendant is given under the law, no matter how unjust the suit may be. If the judgment should be against the defendants, they then have their right of appeal, and there may be reviewed upon such appeal the alleged error here complained of.

It has been universally held, without a single exception, so far as we have been able to find, that a judgment of dismissal or of nonsuit is not upon the merits, and is, therefore, not a bar to another suit. (23 Cyc. 1137, note 38; 6 Ency. of Pl. & Pr. 993; *Andrews et al.* v. *School Dist. No. 4,* 35 Minn. 70, 27 N. W. 303; *Craver* v. *Christian et al.,* 34 Minn. 397, 26 N. W. 8.) It makes no difference how the judgment may be framed, nor what it may be called; nor is it material that the nonsuit was compulsory or ordered upon the failure of plaintiff's evidence. (23 Cyc. 1138, and notes.) A dismissal in an action at law, even after plaintiff has put in his evidence, when in the nature of a judgment of nonsuit, is not such a judgment on the merits as will bar a second suit on the same cause of action. (*Id.* 1139, note 45; *Dahler* v. *Steele,* 1 Mont. 206.) This is also the case where the dismissal is based on the failure of the plaintiff to establish his cause of action by his evidence. (*Id.* 1139, note 47.) A judgment rendered on the ground of formal defects in the pleadings does not touch the merits of the controversy, and therefore is no

bar to a second suit on the same cause of action. (*Id.* 1149, and notes.) A dismissal of the action on defendants' motion for plaintiff's failure to make out a *prima facie* case or prove some material allegation is generally regarded as no more than a non-suit, and not conclusive. (*Id.* 1149, note 50; 6 Ency. of Pl. & Pr. 990, and note.) A motion for a nonsuit is a waiver of the right to have a judgment on the merits, and submits to the court the single question whether plaintiff has proved a case sufficient to be submitted to a jury. (*Carroll* v. *Grande Ronde Electric Ry. Co.,* 49 Or. 477, 90 Pac. 903.) The case last above cited seems to be on all-fours with the case at bar, except that the trial court granted the motion to dismiss the action, as the relators in this case contend the trial court should have dismissed the second action. The supreme court of Oregon, however, upon appeal reversed the action of the trial court and held that the judgment of dismissal in the former case was no bar to the bringing of the second suit.

"A judgment must show of itself, or by the aid of the judgment-roll, that it concludes the merits of the controversy or it is no defense." (*Glass* v. *Basin & Bay State Min. Co.,* 34 Mont. 95, 85 Pac. 747.) If there is any judgment in the former case, it is a judgment of dismissal. There is no judgment-roll pleaded in the answer of the defendants, and, therefore, no presumption can be indulged that it was a judgment upon the merits.

This court by ordering the former action dismissed finally terminated that action. It did not thereby enjoin the plaintiff from filing a new suit, and certainly did not prejudge or decide the merits of any new suit which he might file, and in which he might attempt to meet the defects pointed out by the supreme court in the complaint in his first suit. This court could not know in advance whether the facts or the law would justify the plaintiff in filing a new suit. If he was not so justified, presumably he would not file a new suit; but, on the other hand, only a judgment on the merits could bar him from bringing such second suit, and this judgment would have to be pleaded as a defense to such suit before it would be available. In the meantime the first cause was finally disposed of and the defendant

was entitled to judgment for his costs against the plaintiff under
section 6718.  If the first case had been sent back for a new
trial, that cause would not have been disposed of, and the plain-
tiff might have made another ineffectual attempt to prove his
case, and it was this evil that the court prevented by dismissing
the case and thus finally disposing of it.  It was perfectly proper
for this court, in ordering the first action dismissed, to assume
that plaintiff either could not or would not amend his complaint
if the case was sent back for a new trial.  The court also as-
sumed that if plaintiff still desired to make an attempt to pre-
sent a complaint which would state a cause of action, section
6717 expressly authorized him to file such complaint after his
first action had been disposed of by a judgment of dismissal or
nonsuit.  "A dismissal of the action is a final decision of the
action, and it is a final decision of the action as against all claims
made by it, although it may not be a final determination of the
rights of the parties as they may be presented in some other
action."  (*Leese* v. *Sherwood,* 21 Cal. 151, 164.)  "In effect a
dismissal is a final judgment in favor of the defendants; and
although it may not preclude the plaintiff from bringing a new
suit, there is no doubt that, for all purposes connected with the
proceedings in the particular action, the rights of the parties are
affected by it in the same manner as if there had been an adjudi-
cation upon the merits."  (*Dowling* v. *Polack,* 18 Cal. 625.)
"A dismissal signifies the final ending of a suit, not a final judg-
ment on the controversy, but an end of that proceeding."  (14
Cyc. 391, and notes.)  "A nonsuit is not a final disposition of
the case and does not bar another suit upon the same cause of
action."  (14 Cyc. 393, notes 7, 8.)  From the foregoing it
seems very plain that this court, in using the phrase "final dis-
position of the cause" in the La France case, did not at all mean
that such final disposition of the cause should necessarily be
upon the merits, or be at all conclusive of any future case which
might present a different state of facts or law.  Such final dis-
position of the cause might be upon the merits, provided the
court so directed, as in the case of *Dunseth* v. *Butte Electric Ry.
Co.,* 41 Mont. 14, 21 Ann. Cas. 1258, 108 Pac. 567, or it might be

not upon the merits by ordering a mere dismissal of the action, as in the case of *Masich* v. *American Smelting & Refining Co. et al.*, 44 Mont. 36, 118 Pac. 764.

MR. JUSTICE SMITH delivered the opinion of the court.

On February 25, 1910, one Nick Masich filed his complaint against the above-named relators in the district court of Lewis and Clark county, claiming damages for personal injuries. Issues were duly framed and the cause was tried, resulting in a judgment in favor of the plaintiff. On appeal to this court the judgment and an order denying a new trial were reversed and the cause was remanded with directions to dismiss the action. (*Masich* v. *American Smelting & Refining Co. et al.*, 44 Mont. 36, 118 Pac. 764.) On *remittitur* filed in the district court the judgment was duly set aside and the action dismissed. No final judgment of dismissal was entered. Thereafter a new action between the same parties, on the same cause of action and for the same relief, was commenced by the plaintiff, in the same court. The defendants answered, and alleged, in addition to the facts heretofore stated, that the issues between the parties had been fully adjudicated by this court and that such adjudication constituted a bar to the second action. Plaintiff by reply admitted that all of the allegations of this special defense were true, save that there were other and additional facts set forth in the complaint in his second action; and he alleged that this court merely adjudged and determined that the complaint in the first action did not state facts sufficient to constitute a cause of action, and denied that the order of this court, and the dismissal of the first action, constituted a bar to the second action. Relators thereupon moved the district court to dismiss the second action. The court denied the motion and at the same time struck from the answer those allegations with reference to an estoppel heretofore mentioned.

Relators have filed an affidavit setting forth the above facts and praying for a writ of mandate directing the district court to dismiss the action heretofore called the second action. Respondents have filed an answer to the affidavit, which, however,

raises no issue of fact with which we are concerned.   They pray that the alternative writ heretofore issued be quashed and a peremptory writ denied.

In the case of *State ex rel. La France Copper Co.* v. *District Court,* 40 Mont. 206, 105 Pac. 721, this court laid down the rule that when a plaintiff has had one fair opportunity to make out his cause of action, and has failed, not on account of some technical omission or defect in the pleadings, but after a full investigation of the issues as framed between the parties, this court will exercise its undoubted authority to order the cause dismissed, with a view to putting an end to the litigation.   The case of *Masich* v. *American Smelting & Refining Co. et al., supra,* was ordered dismissed in accordance with this rule.   We intended to finally dispose of the case by the order then made, and it must have been apparent that such was the intention because the records of the court disclose the fact that such an order has never been made, under like circumstances, save with that object in view.   If we had intended that the plaintiff should be allowed to again try the same issues under a different state of the pleadings supplemented by other and additional evidence touching the same cause of action, the order would not have been made, since that might have been accomplished by remanding the cause for a new trial.   If the contention of the respondents were correct, the result would be a practical nullification of the order of this court, and the court would be placed in a situation of refusing to enforce, or of modifying, its own order.

Neither is it necessary or seemly that the district court should be allowed to try the question of estoppel in the regular way. The order made by this court was an extraordinary one, and it is for this court to interpret and enforce it, which it will do in the most summary way.

We think it altogether immaterial that no formal judgment has ever been entered in the so-called first action.

It is therefore ordered that a peremptory writ of mandate issue, requiring the district court of Lewis and Clark county to dismiss cause No. 7714, with costs to the defendants.

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY: I dissent. Notwithstanding the disposition by this court, on the former appeal, of the case of *Masich* v. *American Smelting & Refining Co.,* 44 Mont. 36, 118 Pac. 764, following the rule announced in the case of *State ex rel. La France Copper Co.* v. *District Court,* 40 Mont. 206, 105 Pac. 721, Masich had the right to commence a second action, if he chose to do so. (Rev. Codes, sec. 6464.) When it was commenced it became the exclusive duty of the district court to determine in the first instance, in the ordinary way, whether the disposition made of the first action under the mandate of this court was â disposition of it upon the merits within the meaning of section 6717, Revised Codes, and, for this reason, may be made available as a bar to the second action, as *res adjudicata.* Its decision of this question, like any other ruling made in any other case upon the settlement of the issues, or upon a trial of them upon the merits, is subject to review by this court on appeal only, and cannot be controlled by *mandamus* or any other extraordinary writ.

Let it be conceded that in directing the dismissal of the former action, this court proceeded upon the theory that the plaintiff was not entitled to recover in any event. The order made by the district court in obedience to the mandate of this court should not be deemed of any greater efficacy as a final determination of the case than a final judgment, and should be availed of as a bar to the second action in the ordinary way by pleading it. Whether it concludes the plaintiff is a question for the district court in the first instance. The result of the majority opinion is that whenever in the course of proceeding in an action a trial court commits manifest error, this court will interfere with *mandamus* and set it right, thus substituting for its appellate jurisdiction its extraordinary jurisdiction under this writ.