Frederick Kahl, Appellee, v. John F. Devine, Clerk of Probate Court, Appellant.

## Gen. No. 27,530.

1. INJUNCTION—*when circuit court without jurisdiction to enter restraining order against probate clerk.* The circuit court of Cook county had no jurisdiction to enter an order restraining the clerk of the probate court of such county from removing or allowing to be removed from his office to a county in a foreign State the last will of complainant's wife for the purpose of producing it before the probate court of such county as a basis for procuring general letters of administration there, as the probate court of Cook county has exclusive control of its records, and jurisdiction of its officers with reference thereto, except in certain cases where a paper or record is in the hands of a party to a suit pending in the circuit court, or where a court of review may require the production of records or papers upon a writ of certiorari.

2. CLERKS OF COURT—*under what power probate court enters orders relating to conduct of probate clerk.* Orders of the probate court relating to the conduct of the clerk of such court with reference to papers or records in his charge are not entered in the exercise of any chancery powers of the court but under the inherent power of that court to control, in the first instance, its own administrative functions.

Appeal from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding. Heard in this court at the October term, 1921. Reversed. Opinion filed March 7, 1922.

MAYER, MEYER, AUSTRIAN & PLATT and PEAKS, BUNCH & LATIMER, for appellant.

FRANK P. SADLER, for appellee; WILLIAM M. MERTZ, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

By this appeal the reversal is sought of an interlocutory order in the nature of an injunction restraining defendant, John F. Devine, clerk of the probate court of Cook county, Illinois, from removing or allowing to be removed from his office the will of Josephine C. Kahl, deceased.

The order was entered upon a verified bill of complaint which alleges that Josephine C. Kahl, deceased, was the wife of complainant, Frederick Kahl, who is a resident of Detroit, Michigan; that she died February 20, 1918, leaving a will distributing her property; that April 11, 1918, the will was admitted to probate in the probate court of Cook county, Illinois, and the Chicago Title and Trust Company was appointed administrator with the will annexed; complainant filed his renunciation of the will, and claims that under section 12 of the Dower Act (Cahill's Ill. St. ch. 41, ¶ 12), there being no children born to decedent, he is entitled to one-half of the personal property as provided by the laws of Illinois. April 9, 1921, a petition was filed in the probate court of Cook county by Joseph A. Moynihan, of Detroit, Michigan, setting forth that deceased domiciled at Detroit, Michigan, and that complainant was a resident of that city, and that Moynihan had been appointed special administrator by an order entered in the probate court of Wayne county, Michigan. Moynihan petitioned the probate court of Cook county to order that the balance of the estate be turned over to him as special administrator, to be disposed of according to the laws of Michigan, asserting that the estate being all

personal property, it should not be distributed according to the laws of Illinois. The prayer of this petition was denied by the probate court of Cook county, "without prejudice to the rights of an executor or general administrator appointed by the Michigan courts for general administration of said estate to make an application in the Probate Court of Cook county seeking the relief sought by the petition of the special administrator." Complainant's bill also alleges that under the laws of Michigan a general administrator cannot be appointed without the production there of the original will of the decedent, and charges that the defendant, the clerk of the probate court of Cook county, Illinois, is about to take the will to Wayne county, in Michigan, and produce it before the probate court in that county for the purpose of procuring general letters of administration from said court, which is in violation of the Statute of Illinois, section 18 of the Wills Act (Cahill's Ill. St. ch. 148, ¶ 20), which provides that all original wills shall remain in the office of the clerk of the probate court of the proper county; and also in violation of a rule of the probate court of Cook county, that no paper filed shall be taken from the office of the clerk without the consent of the clerk, and that "in no case shall any original will, bond, vouchers, letters or file wrappers be taken from the clerk's office, except when taken to the court room." The bill further asserts that unless the clerk is enjoined from removing the will from his office, complainant will suffer damages; that the probate court of Cook county has entered an order allowing the will to be withdrawn from the files, and that such court has no authority to enter such order and that if a general administrator is appointed and the estate moved to Michigan, plaintiff will suffer injury by losing one-half of the estate claimed by him, as the laws of Michigan do not allow him any more than the amount given him by the will, and that the removal of the original will to Michigan will compel him to

employ counsel to oppose the appointment of an administrator in Michigan and also compel other expenses in connection therewith.

Two reasons are presented to this court as grounds for a reversal: First, complainant does not show that any of his property rights will be injured by the threatened removal of the will for production in the probate court of Wayne county, Michigan; and second, complainant's remedy, if any, is by application to the probate court of Cook county, which has control over the clerk of that court as its officer.

Without expressing or implying any opinion as to the first point, we hold that the second point is well taken. The circuit court had no jurisdiction to entertain the bill of complaint for the reason that the probate court of Cook county has exclusive control of its records, and jurisdiction of its officers with reference thereto, except in certain cases different from the instant one; that is, cases where a paper or record is in the hands of a party to a suit pending in the circuit court, or where a court of review may require the production of records or papers upon a writ of certiorari. In the present case, however, complainant must apply exclusively to the probate court for any order relating to the conduct of the clerk of that court with reference to the papers or records in his charge. Such orders will not be in the exercise of any chancery powers of that court, but within the inherent power of that court to control, in the first instance, its own administrative functions.

Among the many cases supporting this view are: *Cameron v. Savage,* 40 Ill. 76; Anonymous, 40 Ill. 77; *Ex parte Brown,* 166 Ind. 593, 78 N. H. 553; *Houston v. Williams,* 13 Cal. 24; *French v. Neal,* 24 Pick. (41 Mass.) 55, 59; *Summer's v. City of Louisville,* 140 Ky. 253, 130 S. W. 1101.

As we are of the opinion that the circuit court had no jurisdiction to enter the injunctional order in ques-

tion, it is unnecessary to comment upon the other point presented as a ground for reversal.

For the reason above indicated, the temporary injunctional order is reversed.

*Reversed.*

DEVER, P. J., and MATCHETT, J., concur.