## GRZYWNA, Plaintiff-Appellant, v YOUNGSTOWN MUNICIPAL RAILWAY CO., Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3080. Decided November 13th, 1945.

W. E. Stankiewicz, Youngstown, for plaintiff-appellant.
Harrington, Huxley & Smith, Youngstown, for defendant-appellee.

**OPINION**

By PHILLIPS, J.

Plaintiff appeals on questions of law from a judgment of the court of common pleas entered upon a unanimous jury verdict returned for defendant in her action numbered 116269 to recover damages from defendant for claimed personal injuries allegedly sustained while riding as a paid passenger in one of defendant's busses about 5:15 P. M. on November 6, 1940. Such bus was then being driven about thirty or thirty-five miles per hour by defendant's agent and employee within the corporate limits of Youngstown, Ohio, in a southerly direction on Fifth Avenue, a main thoroughfare thereof, and had reached the intersection of Wood Street therewith when the right front portion thereof was struck by an automobile then being operated about thirty to thirty-five miles an hour in an easterly direction thereon.

Plaintiff sued defendant, Youngstown Municipal Railway Company, in the court of common pleas, and during the pendency of that case numbered 111403 defendant took and filed the deposition of the then witness Nadaud, the driver of the

automobile which collided with defendant's bus. Subsequent thereto plaintiff made him a party defendant therein. When case number 111403 was called for trial counsel for plaintiff refused to proceed to trial, and a judge of the court of common pleas dismissed that case for want of prosecution. Subsequently plaintiff filed another action against defendant numbered 116269, which is the case being reviewed. The trial judge permitted the deposition of Nadaud taken in case number 111403 to be read in evidence over plaintiff's objection in case number 116269, though not filed in that case, and which action of the trial judge her counsel claims constituted prejudicial error.

"It is true, in general, that when a case is dismissed it is ended, and the court has no jurisdiction to make an order therein affecting the rights of the parties. However, there are exceptions to this rule. One of these exceptions exists in the power of a court of record over its files, which power extends to the files of all cases which have ever been instituted therein, whether dismissed, disposed of, or pending. This power of the court is inherent and takes precedence even of the statutory power of a clerk over court records and files. Summers, Clerk, v City of Louisville, 140 Ky., 253, 130 S. W. 1101.

"* * * A deposition when taken, whether filed or not, becomes an official document under the control of the court, and may be used by either party according to its competency and relevancy. **Currier v City of Toledo, 11 Oh Ap 50.**

"* * * Whether filed or not, under the statute relative to depositions, the court was entitled to its custody. * * * Hence it was part of the papers in that case to whose custody the court was entitled, and it became an official document subject to the order of the court, whether the case was dismissed or pending." **Ex Parte Thayer, 114 Oh St 194 at 201 and 202.**

The deposition in dispute is that of a witness taken in an action in which the parties and subject matter were the same as the subject matter of the case in which it was read taken before such witness was made a party defendant in the action in which it was taken, and who at the time of the trial of case number 116269, in which it was read, was admittedly in the armed forces of the United States and unavailable as its witness.

As a result of careful consideration of the statutes relating to the taking and reading of depositions in evidence and authorities which we believe are applicable to facts in this

case the conclusion is reached that the trial judge did not commit error prejudicial to the plaintiff in permitting the deposition of witness Nadaud to be read in evidence in case number 116269.

In his deposition taken in the original action against defendant in answer to the question "now isn't it a fact, Mr. Fennessy, you struck that pole?" defendant's bus driver answered "no, sir." In the transcribed certified copy of that deposition which plaintiff used during trial in the court of common pleas the answer to that question appeared as "yes, sir." During trial the reporter testified that the answer given by the driver of defendant's bus in the original deposition was "no, sir," but in the preparation of the certified copy ordered by plaintiff's counsel the answer was mistakenly transcribed as "yes, sir." Counsel for plaintiff claims that as a result of this error he was taken by surprise which "in the exercise of ordinary care and diligence he could not have prevented," and that such error had a detrimental "psychological effect" upon the jury. It is observed that in answer to a similar question upon trial the bus driver and six defendant witnesses responded "no, sir." This assigned ground of error is unusual, but in view of all that transpired the conclusion is reached that what happened did not constitute error prejudicial to plaintiff.

The trial judge charged the jury in writing before argument the following proposition of law:—

"Members of the jury I charge you as a matter of law that you cannot return a verdict for the plaintiff in this case simply because she was a passenger on defendant's bus and a collision occurred. It would be necessary for plaintiff to prove by the preponderance of the evidence that the operator of defendant's bus was negligent and that such negligence was a direct cause of the collision."

By brief counsel for plaintiff says:—

"As an abstract proposition of law, it might pass. But under the facts of this case, the charge was erroneous. It will be noticed that it is composed of two sentences; no conjunctive or disjunctive is used; the sentences are therefore independent of each other; and by reason of the subtlety of the words employed, each sentence tends to distort rather than to convey a true concept of the law to a lay mind."

This court does not so construe this charge. Upon the evidence it cannot reach the conclusion at which counsel for plaintiff asks it to arrive that "it is conclusively apparent from the record, that it was the concurrent negligence of both operators that produced this collision * * *," and finds no merit in this part of this assigned ground of error.

In his general charge to the jury the trial judge said:—

"Now, in considering whether or not the defendant was negligent through its bus driver in the manner I have outlined to you, you have the duty and right to take into consideration, in view of the claim made in the petition, a certain statute of this state which governs the conduct of the bus driver, having to do with the operation of commercial motor vehicles carrying passengers. This statute is known as §7249 GC, and I shall now read to you that portion of the statute which applies in this case:

" 'No commercial cars'—this is one, the bus—'shall be operated in any portion of a municipality at a greater rate of speed than is reasonable and proper, having regard for the width, traffic, use and general and usual rules of the highway'.

"Then the statute goes on to say:

" 'A greater rate of speed than the following shall be prima facie evidence of a rate of speed greater than is reasonable and proper, for general safety and in the protection of the roadway.'

"* * * In saying what I have just said, as applicable to vehicles transporting persons, thirty-five miles an hour on main thoroughfares within the municipalities, outside of business portions. That applies at the time and place here."

This statute was repealed August 23, 1941. Plaintiff claims that the trial judge should not have so charged because of that fact. As stated hereinbefore this accident happened on November 6, 1940, on a date when §7249 GC as charged by the trial judge was in full force and effect. It was the duty of the trial judge to charge the law applicable at the time the collision to which reference is made occurred. No error prejudicial to the plaintiff was committed in this respect as urged by plaintiff.

It is further claimed by counsel for plaintiff in view of that fact that there is "absolutely no evidence in the record that this bus was equipped with 'pneumatic tires' or that at the time of the collision it was not operated in a business and closely built up portion of the municipality, the charge of the court would be erroneous even under **old** §7259 GC."

In considering this part of the charge of the trial judge it must be kept in mind that there is no evidence in this record that the collision occurred in a business section of the city of Youngstown. There is evidence in the record that the collision occurred upon a main thoroughfare of that city. Therefore it is concluded that the trial court had the right and the duty to charge the prima facie lawful rate of speed upon a main thoroughfare, which was done.

There is no evidence as to the type of tires with which defendant's bus was equipped, but this court knows and concludes that it is a matter of common knowledge that such busses are equipped with pneumatic tires; that that fact is generally known by the parties, the members of the jury, the trial judge, and the general public. As bearing on the question under discussion see **Vol. 17 O. Jur., Sec. 16, p. 42.**

We have carefully read the entire charge of the trial judge after argument to the jury with plaintiff's assigned grounds of error with reference there to in view, and have reached the conclusion that no error prejudicial to the rights of defendant was committed therein as urged by counsel for plaintiff. No merit is found in plaintiff's contention that the trial court "did not define the relative rights and duties of the bus driver and the operator of the other car; that it did not give the jury any specific rule of law applicable to each of these drivers' responsibility; that it did not give any guide, or any rule whatever, pertaining to the duties and obligations of motorists entering into, and proceeding through, an intersection, the basic principle of the whole lawsuit; and it certainly failed to delineate the respective duties owed to this plaintiff by each of these drivers."

Now plaintiff claims that "there was misconduct upon the part of certain jurors and that the jury as a whole evinced such passion and prejudice against this plaintiff as to prevent her from obtaining a fair and unbiased trial." This assigned ground of error is apparently based upon the fact that the case was submitted to the jury at 3:30 P. M., and that it returned its verdict at 4:00 P. M.; and that "it has been discovered by the plaintiff since this trial that a juror, Martin J. Murphy, was not only a friend of this bus driver, but had lived in the vicinity of West Delason Avenue. It has also been discovered that this particular juror during the trial, and seemingly on his own initiative, proceeded to make his own investigation of this case. He even inquired if John Fedorek, one of plaintiff's witnesses, was actually employed at Clark's Restaurant. This was clearly misconduct."

The judgment of the trial court cannot be reversed on the ground that the verdict of the jury was rendered under the influence of passion or prejudice, nor on the ground of misconduct of a juror since there is nothing in the record submitted to us indicating the truth or falsity of plaintiff's discovery or contention.

While counsel for plaintiff does not charge the trial judge with misconduct yet he intimated such in oral argument, and said by brief that "the trial judge went from his chambers to the jury room at least two. times, with the inquiry if they, the jury, had not arrived at their verdict. Those facts, standing alone, are somewhat unusual." There is nothing in the record submitted to us indicating this to be a fact, and accordingly we cannot and will not pass upon this assigned ground of error.

Plaintiff further claims that §§11419-10 and 11419-43 GC were violated by reason of the fact that "one of the lady jurors served as a petit juror in September, 1944, term of the common pleas court of Mahoning County, again, at the January, 1945, term of the same court, she was called as a juror and seated in the trial of this case." We cannot consider and will not pass upon this assigned ground of error because there is nothing in the record submitted to us indicating this to be a fact.

Finally counsel for plaintiff contends "but more happened in this case than just" the things that he has complained of heretofore, and which we have tried to dispose of in this opinion. He argues by brief that plaintiff was prejudiced by the fact that she was induced to' go to the home of George Fennessy, the bus driver for the Youngstown Municipal Railway Company, for the purpose of obtaining names of passengers upon defendant's bus," which visits he claims were encouraged by defendant's bus driver for the purpose of keeping the claim department of defendant corporation advised as to her actions, and claims that the "defendant knew that the disclosure of her visit to the home of their bus driver, especially with its interpretation and insinuation thereto would blacken the name of this plaintiff before a jury." We find no error prejudicial to the defendant in this respect.

Plaintiff testified that she did not know how the accident happened and the testimony of other witnesses was such in our opinion as to present a question for the determination of the jury, whose finding we cannot disturb on the assigned ground that it is against the manifest weight of the evidence. It is apparent that we do not believe that the trial judge erred to plaintiff's prejudice in overruling her motion for a new trial, and do not believe that the verdict of the jury and judg-

ment of the trial court entered thereon are contrary to law. The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, and CARTER, J, concur in judgment.