CURRIER *v.* THE CITY OF TOLEDO.

*Depositions — To be filed with clerk — Section 11538, General Code — Available to either party, when — Evidence.*

By virtue of the provisions of Section 11538, General Code, the officer before whom a deposition is taken must transmit the same to the clerk of the court, and the deposition becomes, when taken, whether filed or not, an official document under the control of the court and may be used by either party according to its competency and relevancy.

(Decided December 16, 1918.)

ERROR: Court of Appeals for Lucas county.

*Mr. Marion W. Bacome,* for plaintiff in error.

*Mr. Ralph Emery,* director of law, and *Mr. Charles T. Lawton,* assistant director of law, for defendant in error.

RICHARDS, J. The plaintiff, Catherine Currier, brought this action against the city of Toledo to recover damages for personal injuries claimed to have been suffered by her by reason of a defect in a sidewalk. The defendant duly served notice to

take plaintiff's deposition and the same was taken before a notary public in the city, the plaintiff appearing not only in person, but by counsel, who, after she had been examined by counsel for the city, also propounded questions, which were answered by her. It is not very clearly shown whether the notary was paid his fees for taking the deposition, but after the same was transcribed he filed the same with the director of law of the city. Having voluntarily delivered the same to counsel for the city it is unimportant so far as this case is concerned whether his fees were paid or not. The deposition was never filed in the common pleas court, where the action was pending. Some time after the deposition was taken plaintiff died, and an administrator was appointed and the action revived in his name. Counsel for plaintiff on learning that the deposition had not been filed in court proceeded by various motions in an attempt to procure an order of the court requiring the same to be done, but his applications were overruled. Thereupon the action came on for trial and plaintiff was not permitted to require production of the deposition, nor to obtain an inspection of the same, nor to prove its contents other than in the general way of a statement that it tended to substantiate the right of the plaintiff to a recovery. It seems that at the time of the injury of Catherine Currier she was the only one present, and perhaps the only one whose testimony would be valuable in showing the circumstances under which she was injured. The trial court rendered a judgment in favor of the defendant and this proceeding in error is brought to secure a reversal of the same.

The city contends that as the deposition was taken under a notice served by it, and as the deposition was never filed, it is a private paper belonging to the city and not under the control of the court. We can not assent to this contention. By the provisions of Section 11538, General Code, the officer before whom a deposition is taken is required to transmit the same to the clerk of the court where the action is pending, and in the performance of his duty the notary who took this deposition should have filed the same in the court of common pleas. Having delivered the same to counsel for defendant the document still remained an official one and under the control of the court. The rule is so stated in various textbooks and authorities, and, indeed, we know of no authority permitting the party who causes a deposition to be taken to retain the same from the files in the absence of a statute authorizing such action. We call attention to 13 Cyc., 963, where it is said that neither the commissioners nor the parties have the right to retain depositions. The rule is stated as follows in 6 Encyclopedia of Pleading and Practice, 632:

"The officer before whom a deposition is taken is not the agent of either party, but must act for all parties alike, being the officer of the court, and when the deposition is regularly taken it is for the use of either party according to its competency and relevancy."

See also 4 Encyclopedia of Evidence, 476.

The question was directly before the court in *First Nat. Bank* v. *Forest,* 44 Fed. Rep., 246, in which case a decision was rendered by Shiras, J.,

fully considering and discussing the contentions of counsel on both sides and reaching the conclusion that a deposition when taken is not under the control of the party at whose instance it was taken and that an order should issue requiring that it be filed in court. The officer before whom a deposition is taken is acting as an officer of the court and is supposed to be impartial as between the parties. The same ruling is made in a case entitled *In re Rindskopf,* 24 Fed. Rep., 542; in *J. L. Mott Iron Works* v. *Standard Mfg. Co.,* 48 Fed. Rep., 345; and in *Bennett* v. *Williams,* 57 Pa. St., 404.

The contentions made by the city have undoubtedly been made in good faith and we have no doubt that counsel on learning the construction placed by the court on the Ohio statute will be glad to comply with the ruling and file the deposition in court.

The trial court was in error in holding that the deposition was under the control of the party who had caused the same to be taken.

Judgment reversed and cause remanded for further proceedings.

*Judgment reversed, and cause remanded.*

CHITTENDEN and KINKADE, JJ., concur.