**No. 918**

ROBT. THAYER, Ex Parte

Ohio Appeals, 1st Dist., Hamilton ·Co.

No. 2688.   Decided May 25, 1925

385. DEPOSITIONS—Fact that deposition was taken in case which was later dismissed without prejudice and thereafter a new action commenced, does not destroy value of said deposition in second case for such document is an official one, and under control of court.

601. HABEAS CORPUS—Will not lie unless order of commitment is wholly void. ...

HAMILTON, J.

Robert G. Thayer, in this proceeding in habeas corpus, seeks to obtain his release from the sustody of the sheriff of Hamilton County. The deposition was not sealed, endorsed or addressed by the notary, or transmitted to the He was committed to the custody of the sheriff under two writs of commitment issued by the Cincinnati Superior Court.

It seems that one Ben Block commenced an action against the Cincinnati Traction Co. to recover damages for personal injuries claimed to have been suffered by him while a passenger of a car of the defendant company. The deposition of Block was taken during the pendency of such action by Thayer, who is a notary. clerk of courts as provided under 11538 GC.

Two months after taking the deposition, Block dismissed his original action without prejudice and on the following day filed a second action declaring the same cause of action, as in the first one. At the time of hearing of the second action, Block was absent from the county and counsel for plaintiff demanded the filing of the deposition taken by Thayer during pendency of the first action, in order to prove his case, and moved for an order requiring the notary to file the deposition in accordance with law. It appears that Thayer had delivered the deposition to counsel for the Traction Company. The motion was granted and it was ordered that the deposition be filed.

Thayer refused to obey the order and charges of contempt were filed against him. Upon hearing, he was found guilty of contempt of court, and committed to the custody of the sheriff. The Court of Appeals held:

1. It must be conceded that the writ of habeas corpus will not lie unless the orders of commitment were wholly void.

2. It is contended by counsel for Thayer that the deposition having been taken in a case which was dismissed, the court had no power upon the refusal of the notary to comply with its order to file the deposition taken in such case, to punish him as for contempt.

3. "The officer before whom a deposition is taken is required to transmit the same to the clerk of the court where the action is pending; and, in performance of his duty, the notary who took this deposition, should have filed same in the court of Common Pleas. Having delivered same to counsel for defendant, the document still remained an official one and under the rule of the court." Currier v. Toledo (city), 11 Ohio App. Rep. 50.

4. The decision in the Currier case is the law applicable to the case at bar, and the writ must be denied. Return of Thayer to custody of the sheriff suspended for ten days.

Attorneys—Roettinger & Street and Leo J. Brumleve for Thayer; Simeon M. Johnson, contra; all of Cincinnati.